■ SALLY BRERETON, as Administratrix of the Estate of JOHN S. BRERETON, JR., Deceased, Respondent, v. JOHN T. McEVOY, JR., et al., Defendants, and HEADLINE RESTAURANT, INC., et al., Appellants.— In this action to recover damages for wrongful death and conscious pain and suffering, defendants Headline Restaurant, Inc., and Conway Lounge Fantastic, Inc., appeal from an order of the Supreme Court, Kings County, dated April 5, 1973, which (1) set aside a $12,000 jury verdict for plaintiff on the cause of action for conscious pain and suffering and, as to that cause, severed the action and ordered a new trial, solely on the issue of damages, unless said defendants stipulate to increase that verdict to $50,000, and (2) directed entry of judgment in favor of plaintiff against said defendants upon a $32,133 jury verdict on the cause of action for wrongful death. Order reversed, on the law, and new trial granted as against the appealing defendants on all issues, with costs to abide the event. The questions of fact were not raised by appellants, and were not considered, on this appeal. On December 31, 1966 at about 3:00 A.M., the decedent, his brother Thomas Brereton and his friend Robert Carnivale went to St. Mary's Hospital in Bayonne, New Jersey, for emergency treatment of personal injuries they then stated they had sustained as a result of an

attack on them by a street gang in Hoboken. Thomas Brereton and Carnivale, after receiving treatment at the hospital, went to a police station in Hoboken where they gave a detailed report of the gang assault. They then said they had been drinking at a Hoboken tavern from 7:00 P.M. on December 30 to 1:30 A.M. on December 31, that they became intoxicated and went for a walk to sober up and that while thus walking they were attacked by a group of about 14 youths. The decedent did not go to the police station. He remained at the hospital because his injuries were severe. But at about 7:00 A.M. on December 31 he confirmed the alleged gang beating to a police officer who called at the hospital. On January 4, 1967 Thomas Brereton and Carnivale went to the same police station and gave a different version as to the cause of their injuries. They then said their December 31, 1966 report was untrue and that they and the decedent had not been assaulted in Hoboken but rather had been injured in an assault perpetrated on them by appellants' employees at appellants' bar in New York City at about 2:00 A.M. of that morning. The decedent was hospitalized at St. Mary's Hospital in Bayonne and later at the Polyclinic Hospital in New York City almost continuously from December 31, 1966 to March 2, 1967, when he died. His death followed surgery required as a result of the injuries he had sustained on December 31, 1966 and a peritonitis infection which developed after the surgery. At the trial Thomas Brereton, Carnivale and other witnesses for plaintiff claimed the decedent was injured as a result of an unprovoked assault perpetrated on him at appellants' bar in New York City by appellants' employees, defendants McEvoy, Jordan and Perrone, in the early hours of December 31, 1966. Appellants' witnesses denied any such assault had occurred. McEvoy and Jordan defaulted in appearing in the action and the action against them was severed. Perrone, who allegedly also defaulted in appearing, was permitted to defend on the issue of damages. The jury rendered verdicts (1) exonerating Perrone from any damage liability, but (2) holding appellants liable in the amounts of the above-mentioned verdicts against them, on the theory of *respondeat superior*. In the light of the evidence, the issue of *respondeat superior* was properly submitted to the jury (cf. *Sims* v. *Bergamo*, 3 N Y 2d 531; *Sauter* v. *New York Tribune*, 305 N. Y. 442). In our view, a new trial should be had as to appellants on all the issues in this action, because the trial court allowed hearsay and opinion evidence to be adduced bearing on the primary issue which the jury was required to resolve, that is, whether the decedent was injured as a result of a gang assault in Hoboken, as claimed by him, his brother Thomas and his friend Carnivale on December 31, 1966, or whether his injuries were sustained in a beating inflicted on him by appellants' employees at appellants' bar in New York City that morning, as subsequently claimed by his said companions. More particularly in this connection, the trial court allowed in evidence two written statements from the Hoboken Police Department's file pertaining to Brereton's and Carnivale's statements to that precinct, to wit: (1) plaintiffs' exhibit 13, a report of an anonymous telephone call allegedly received on January 3, 1966 [*sic*, meaning 1967] wherein the unidentified caller said that the statement by the Breretons and Carnivale of a gang attack in Hoboken was false and that they had been assaulted in New York City. A statement of the substance of a telephone call by an unidentified person concerning a matter in issue may not properly be received in evidence (*Murphy* v. *Jack*, 142 N. Y. 215, cited with approval in *United States* v. *Frankel*, 65 F. 2d 285, 287, cert. den. 290 U. S. 682). (2) Further, on that issue, the trial court permitted the jury to have before it the written opinion of Captain Sheehy, a Hoboken police officer, to the effect that the later report, given to the Hoboken police on January 4,

1967 by Thomas Brereton and Carnivale, was the "true story". Since Captain Sheehy (who did not testify) had no personal knowledge of how the injuries had been sustained, his statement-opinion as to when plaintiff's said witnesses told the truth should not have been allowed in evidence. In connection with the impropriety of permitting the jury to consider such hearsay opinion evidence, see *McCarragher* v. *Rogers* (120 N. Y. 526, 533); *Johnson* v. *Lutz* (253 N. Y. 124, 127); *Wright* v. *McCoy* (41 A D 2d 873). We do not agree with plaintiff's present position that the convictions of appellants' above-mentioned employees by the Criminal Court of the City of New York, County of New York, after the decedent's death, of third degree assault in violation of section 244 of the former Penal Law conclusively established appellants' liability for unlawfully causing the decedent's death, thereby rendering any trial errors moot. Although those convictions were admissible (a) in connection with the credibility of Perrone's testimony as appellants' witness concerning what occurred at appellants' bar on the morning of December 31, 1966 and (b) also as prima facie evidence that an assault occurred there at that time (*Same* v. *Davison,* 253 App. Div. 123), they were not *res judicata* against appellants that such an assault had occurred, because appellants were not parties to that predicate criminal action (*Molino* v. *County of Putnam,* 29 N Y 2d 44; *B. R. De Witt, Inc.* v. *Hall,* 19 N Y 2d 141). Moreover, those convictions, in our opinion, could not reasonably be deemed conclusive evidence that appellants, on the theory of *respondeat superior,* had unlawfully caused the decedent's death, because (1) the statutory language pertaining to a conviction for the above misdemeanor of simple assault tends to negate the claim that appellants' employees had perpetrated an assault on the decedent involving "grievous bodily harm" (former Penal Law, § 242, subds. 3, 4), or "force likely to produce death" (former Penal Law, § 240); and (2) the convictions do not preclude the possibility that shortly after the assault and on the same morning when they (the decedent and his companions) returned to Hoboken they were beaten by a street gang as they had originally claimed. We deplore the conduct of the attorneys for both plaintiff and defendants in this case during the trial which was properly criticized by the trial court. Their tactics were not conducive to a proper trial and should not be repeated (see *Van Idestine Co.* v. *RGJ Contr. Co.,* 480 F. 2d 454). Shapiro, Acting P. J., Christ, Brennan, Benjamin and Munder, JJ., concur.