■ ROBERT E. CLUTE, Respondent, v ELLIS HOSPITAL, Defendant and Third-Party Plaintiff. NEW YORK CELLULAR GEOGRAPHIC SERVICE AREA, INC., Third-Party Defendant, and REIMHERR AND SCHMIDT, INC., Third-Party Defendant-Appellant. (Action No. 1.) ROBERT E. CLUTE, Respondent, v NYNEX MOBILE TECHNICAL SERVICES COMPANY et al., Respondents. (Action No. 2.) ROBERT E. CLUTE, Respondent, v NEW YORK CELLULAR GEOGRAPHIC SERVICE AREA, INC., Defendant. (Action No. 3.)—Mikoll, J. P. Appeal from that part of an order of the Supreme Court (Best, J.), entered May 2, 1991 in Schenectady County, which granted plaintiff's motion in action Nos. 1, 2 and 3 for partial summary judgment on the issue of liability and granted a cross motion by defendants in action No. 2 for summary judgment against third-party defendant Reimherr and Schmidt, Inc.

This matter stems from a serious injury sustained by plaintiff, a mason, as a result of a fall from the corrugated metal sheeting on which he was standing while spreading cement over the roof of a mobile communications facility, which was some nine feet above the floor of the elevator machine room in which it was being built. Plaintiff contends that he is entitled to the protection of Labor Law § 240 (1) as against defendants Ellis Hospital, NYNEX Mobile Technical Services Company (hereinafter NYNEX Technical), NYNEX Mobile Communications Company (hereinafter NYNEX Communications) and New York Cellular Geographic Service Area, Inc. (hereinafter New York Cellular).

Ellis Hospital agreed to lease to New York Cellular a portion of an elevator machine room in which New York Cellular was to construct and from which it would operate a mobile communications facility. NYNEX Technical thereafter engaged third-party defendant Reimherr and Schmidt, Inc. (hereinafter R & S), plaintiff's employer, to construct the facility. New York Cellular and NYNEX Technical are wholly owned subsidiaries of NYNEX Communications.

After the accident, plaintiff sued Ellis Hospital, NYNEX Technical, NYNEX Communications and New York Cellular alleging violations of Labor Law § 240. The hospital commenced a third-party action against New York Cellular and R & S for indemnification. R & S cross-claimed against New York Cellular and counterclaimed against the hospital, NYNEX Technical and NYNEX Communications.

Plaintiff, seeking to invoke the protection of Labor Law § 240 (1), sought partial summary judgment on the issue of liability against all defendants and the hospital cross-moved for summary judgment against New York Cellular on the issue of contractual indemnification. These motions were granted. With respect to a cross motion by NYNEX Technical, NYNEX Communications and New York Cellular for summary judgment against R & S on the issue of contractual indemnification, the court determined that R & S shall indemnify only NYNEX Technical and NYNEX Communications. R & S appeals from that part of Supreme Court's order which granted plaintiff's motion for partial summary judgment on the issue of liability under Labor Law § 240 (1) and which granted NYNEX Technical and NYNEX Communications summary judgment against R & S for contractual indemnification.

Plaintiff's injury occurred as he was standing on the metal

decking so as to pour a concrete ceiling for the facility; the decking was to become the roof of the facility. After the walls were constructed for the facility, decking was placed over the area formed by the concrete block walls and I-beams to allow for the pouring of the ceiling. Two-by-four braces were placed underneath the decking to shore it up. Plaintiff was spreading the cement on the decking when the decking and the shoring used to secure it collapsed. Supreme Court found that the decking was the equivalent of scaffolding and that it was customary when workers worked on such decking that the decking be spot-welded to the angle iron and the I-beam. This was not done. Here, the decking was pulled off the lip of the I-beam, causing a collapse of the decking.

We concur with Supreme Court's determination that plaintiff's activity was within the purview of Labor Law § 240 (1). There are no factual issues to be resolved. Plaintiff's version of the occurrence has not been countered by the other parties. The collapse of the corrugated decking is by itself sufficient to establish a prima facie case of violation of Labor Law § 240 (see, Wescott v Shear, 161 AD2d 925; Dick v Gates Constr. Corp., 146 AD2d 953; Alston v Golub Corp., 129 AD2d 916).

R & S also argues that Supreme Court improperly found that NYNEX Technical and NYNEX Communications were liable to plaintiff for his injuries. Under Labor Law § 240 (1), a party's liability is tied to its "contractual or other actual authority to control the activity bringing about the injury" (Nowak v Smith & Mahoney, 110 AD2d 288, 289). Although the terms "owners" and "contractors" are not defined in Labor Law § 240 (1), legislative history makes clear that the nondelegable duty imposed by the statute to maintain safe working conditions devolves on those who have the power to enforce safety standards and to choose responsible contractors (Nowak v Smith & Mahoney, supra, at 290). Here, New York Cellular signed the lease agreement with the hospital and NYNEX Technical signed the construction contract with R & S. Both were wholly owned subsidiaries of NYNEX Communications and, as such, were "owners" under Labor Law § 240 (1).

The final issue raised by R & S is that it owed no contractual indemnification to NYNEX Communications because its agreement ran only to NYNEX Technical. R & S also urges that NYNEX Technical must show negligence on the part of R & S in order to be indemnified. R & S contends that no such showing has been made here and thus summary judgment

against it on behalf of NYNEX Technical and NYNEX Communications was error.*

NYNEX Technical's contract with R & S indicates that R & S "assumes full responsibility for and shall indemnify and save [NYNEX Technical] * * * harmless from and against any and all claims * * * arising out of or resulting from the performance of or failure to perform the work if * * * attributable to bodily injury to or death of any person". The terms of the indemnity clause are clear and unambiguous and thus NYNEX Technical was entitled to "full contractual indemnity" from R & S (see, Serino v Miller Brewing Co., 167 AD2d 917, 919, lv dismissed 78 NY2d 1008). NYNEX Communications is also entitled to indemnity from R & S because NYNEX Technical is a wholly owned subsidiary of NYNEX Communications and acted on behalf of NYNEX Communications when signing this contract.

Yesawich Jr., Levine, Mercure and Crew III, JJ., concur. Ordered that the order is affirmed, with one bill of costs.

---

* Although R & S also argues that it owes no contractual indemnity to New York Cellular, Supreme Court did not order R & S to indemnify New York Cellular. New York Cellular, which was ordered to indemnify the hospital, has not appealed Supreme Court's order and thus New York Cellular's indemnification of the hospital is not an issue on this appeal (see, Hecht v City of New York, 60 NY2d 57, 60-61).