■ LAUER'S FURNITURE STORES, INC., et al., Respondents, v PITTSFORD PLACE ASSOCIATES et al., Appellants. PITTSFORD PLACE ASSOCIATES, Appellant, v LAUER'S FURNITURE STORES, INC., Respondent. PITTSFORD PLACE ASSOCIATES, Appellant, v

LAUER'S FURNITURE STORES, INC., Respondent.—Order insofar as appealed from unanimously reversed on the law without costs and motion granted. Memorandum: Supreme Court erred in directing the production of the personal income tax returns of defendant Summers for the tax years 1981 to the present. Plaintiffs failed to make the requisite showing that those tax returns were indispensable to this litigation and that relevant information possibly contained therein was unavailable from other sources (see, Supama Coal Sales Co. v Jackson, 186 AD2d 1052; Grossman v Lacoff, 168 AD2d 484, 485; Consentino v Schwartz, 155 AD2d 640, 641; Mayo, Lynch & Assocs. v Fine, 123 AD2d 607, 608; Niagara Falls Urban Renewal Agency v Friedman, 55 AD2d 830). Therefore, we strike Item 2 of plaintiffs' notice for discovery and inspection.

Furthermore, Supreme Court erred when it directed defendants to produce "any and all agreements or contracts by and between [plaintiffs] and [defendants] between 1986 to date or any other agreements which predate 1986 but which continue to remain in full force and effect as continuing agreements". Although Supreme Court pruned plaintiffs' notice for discovery and inspection, its action was inadequate to correct the deficiencies in the notice. "The hallmark of CPLR 3120 is the requirement for specific designation in the notice or order" (Moussa v State of New York, 91 AD2d 863; see, CPLR 3120 [a] [1] [i]). The use of the words "any and all" is indicative of the absence of specificity. Therefore, we strike Item 15 of plaintiffs' notice for discovery and inspection. (Appeal from Order of Supreme Court, Monroe County, Curran, J.—Discovery.) Present—Denman, P. J., Boomer, Green, Balio and Davis, JJ.