■ JAMES E. STARK et al., Respondents, v ROTTERDAM SQUARE, Defendant and Third-Party Plaintiff-Appellant-Respondent, and WILMORITE, INC., Respondent, and MCCREARY METALS, INC., Defendant and Third-Party Plaintiff-Appellant. MONAHAN & LOUGHLIN, INC., et al., Third-Party Defendants-Appellants. [603 NYS2d 347] —Mikoll, J. Appeals (1) from an order of the Supreme Court (Viscardi, J.), entered January 28, 1993 in Washington County, which, *inter alia,* granted plaintiffs' motion for summary judgment against defendant Rotterdam Square on the issue of liability, (2) from an order of said court, entered February 2, 1993 in Washington County, which granted defendant Rotterdam Square's motion for summary judgment against defendant McCreary Metals, Inc. and third-party defendant Monahan & Loughlin, Inc., and (3) from an order of said court, entered February 2, 1993 in Washington County, which denied the motion of third-party defendants Taxco, Inc. and Silver Bow Resources and Chemical Corporation for renewal.

This case stems from serious injuries and paralysis sustained by plaintiff James E. Stark (hereinafter plaintiff), an employee of third-party defendant Monahan & Loughlin, Inc., a roofing company. Stark arrived at the Rotterdam Mall in the Town of Rotterdam, Schenectady County, owned by defendant Rotterdam Square (hereinafter Rotterdam), on February 28, 1989, together with his co-worker Michael Nevins. They were to penetrate the mall roof in preparation for the installation of a heating, ventilation and air conditioning system (hereinafter HVAC) to be installed by defendant McCreary Metals, Inc. Plaintiff and Nevins cut the roof membrane and insulation, exposing the metal decking. They then assembled and installed wooden blocking along the perimeter of the exposed area. While plaintiff and Nevins went to another job, Patrick Krohn, an employee of McCreary, cut through the metal decking, pulling a section of the decking out. Krohn also made additional cuts to the right and partially back of the open cut. It became apparent that the cut was in the wrong place. The cut area was left without any planking or plywood to cover the hole, nor were any warning signs or barriers erected around the hole. Plaintiff and Nevins returned and, as they removed the wooden blocking around the cut to permit construction to continue, plaintiff fell 20 feet through the roof opening. A ladder had been placed from the

mall floor for workers to gain access to the roof. No other safety devices were provided. Earlier that day, Raymond Phillips, vice-president of McCreary, was at the job site. No arrangements were made by him for safety devices.

Plaintiffs sued, *inter alia,* Rotterdam and McCreary seeking damages for Stark's injuries. Rotterdam answered and commenced a third-party action against Taxco, Inc. and Silver Bow Resources and Chemical Corporation (hereinafter Silver Bow) for contractual indemnification. McCreary commenced a third-party action against Monahan.*

Relevant facts in this matter are as follows. On July 22, 1987, Rotterdam entered into a written agreement with Monahan for Monahan to furnish and install all roofing and insulation, and required flashing for all penetrations of the mall roof. The contract included a broad indemnification provision in favor of Rotterdam. On October 4, 1988, Rotterdam entered into a lease agreement with Taxco pursuant to which Taxco leased space at the mall. Taxco, on February 1, 1989, entered into a contract with McCreary regarding installation of a rooftop HVAC to service its store at the mall. Employees of Monahan were engaged to perform services in connection with the penetration of the roof to install the HVAC. Defendant Wilmorite, Inc. was the construction manager for the mall.

Rotterdam's summary judgment motion against Taxco was based on their lease agreement, which provided that Taxco would indemnify Rotterdam for all damages resulting from Taxco's use of mall space. Rotterdam contends that Taxco assumed responsibility for installing the HVAC, in the process of which plaintiff fell and sustained his injuries, and is therefore liable to Rotterdam for any claims of plaintiff against it. Rotterdam also sought summary judgment against Silver Bow pursuant to a guarantee agreement it had with Rotterdam in which Silver Bow agreed to guarantee Taxco's performance under the lease agreement. Summary judgment was granted to Rotterdam by order entered March 22, 1991 against both Taxco and Silver Bow. Their subsequent motion for renewal of argument was denied by order entered February 2, 1993, from which they appeal.

In October 1991, plaintiffs moved for summary judgment against Rotterdam on the issue of Rotterdam's liability pursuant to Labor Law § 240 (1). Taxco and Silver Bow cross-moved for summary judgment against Wilmorite and McCreary con-

---

* This third-party summons and complaint are not contained in the record.

tending they were liable for plaintiff's injuries. Supreme Court granted plaintiffs' motion and denied Taxco and Silver Bow's cross motion. Rotterdam appeals. In May 1992 Rotterdam moved for summary judgment against Monahan and McCreary for contractual and common-law indemnity. Supreme Court granted the motion on February 2, 1993. Monahan and McCreary appeal.

### SUPREME COURT'S GRANT OF SUMMARY JUDGMENT TO PLAINTIFFS AGAINST ROTTERDAM AND DENIAL OF TAXCO'S AND SILVER BOW'S CROSS MOTION AGAINST WILMORITE AND MCCREARY.

Rotterdam contends that Supreme Court erred in granting plaintiffs summary judgment against it on the basis of liability under Labor Law § 240 (1). It urges that there were questions of fact as to whether there was a violation of the statute which proximately caused plaintiff's injuries.

We concur with Supreme Court that plaintiffs established entitlement to partial summary judgment against Rotterdam on the issue of liability pursuant to Labor Law § 240 (1) as a matter of law. Plaintiff was injured in an elevation-related risk as to which the statute was designed to offer workers protection (see, Rocovich v Consolidated Edison Co., 78 NY2d 509, 513). The affidavits and pretrial examinations support plaintiffs' contention that no protective devices were provided for Monahan and McCreary workers. Neither the wooden blocking, which had to be removed for construction to continue and which was part of the construction, nor the ladder used to get to the roof qualify as safety devices. The failure to provide safety equipment to protect plaintiff from elevation-related risks results in liability as a matter of law (see, Brown v Sagamore Hotel, 184 AD2d 47, 51). Summary judgment was thus appropriately granted to plaintiffs against Rotterdam.

As to Taxco's request for partial summary judgment against Wilmorite and McCreary if summary judgment is granted against Rotterdam, Supreme Court found that there was insufficient proof presented that Wilmorite is a party liable within the meaning of Labor Law § 240 (1). The court held that no evidence was presented that Wilmorite supervised, managed or otherwise controlled the work being done when plaintiff was injured or was responsible for the workers' safety.

As to McCreary, Supreme Court held that there was no claim or proof against it that it agreed to indemnify Taxco, nor that it was acting as general contractor on the job and thus not liable under Labor Law § 240 (1). Supreme Court concluded that any apportionment of fault between McCreary and the other defendants must await resolution of questions of fact by the trier of fact.

We concur with Supreme Court's resolution of the claims of Taxco against Wilmorite and McCreary (see, *Clute v Ellis Hosp.*, 184 AD2d 942; *Novak v Smith & Mahoney*, 110 AD2d 288, 289). "Under Labor Law § 240 (1), a party's liability is tied to its 'contractual or other actual authority to control the activity bringing about the injury' " (*Clute v Ellis Hosp., supra*, at 944, quoting *Novak v Smith & Mahoney, supra*, at 289). There was no evidence presented that Wilmorite had control of the work on the roof or that McCreary had actual authority to control the activity bringing about the injury or that it was responsible for construction methods, safety practices and the furnishing of safety equipment. Finally, McCreary's agreement with Taxco does not require McCreary to indemnify Taxco.

### DENIAL OF TAXCO'S AND SILVER BOW'S MOTION TO RENEW.

Supreme Court found that Taxco and Silver Bow were contractually required to indemnify Rotterdam for plaintiff's injuries pursuant to agreements entered into by the parties and granted summary judgment to Rotterdam based thereon. The court found that Taxco commenced possession and use of the premises on December 1, 1988, three months prior to plaintiff's accident. Taxco and Silver Bow contended that they were not using the leased space where the accident occurred and that the installation of the HVAC was not a use contemplated under their agreement with Rotterdam. They urge that the use contemplated under their lease involved offering of financial services to customers and these were not yet being offered at the time of plaintiff's accident, thus foreclosing summary judgment against them. They contend that Monahan, not Taxco, is to indemnify Rotterdam for roof-related injuries under a contract extant between the parties providing that Monahan would indemnify Rotterdam.

In denying Taxco's and Silver Bow's motion to renew argument on the summary judgment motion based on newly

discovered evidence, namely, on securing the Monahan-Rotterdam contract which required Monahan to indemnify Rotterdam, Supreme Court concluded that this was not newly discovered evidence. It found that the pleadings set forth the existence of the contract and that Taxco's failure to seek a continuance of Rotterdam's motion for summary judgment so as to obtain the agreement forecloses its right to renewal of the argument. The court concluded that the existence of the contract was known to Taxco and Silver Bow and that it should have been presented on the original motion.

Renewal is granted only when there are new facts to support a motion and there exists a legitimate excuse for not presenting those facts originally. Under the instant circumstances, Supreme Court correctly held that renewal was not appropriate (see, Zebrowski v Pearl Kitchens, 172 AD2d 972, 973).

### SUPREME COURT'S GRANT OF ROTTERDAM'S MOTION FOR SUMMARY JUDGEMENT AGAINST MONAHAN AND MCCREARY.

Supreme Court granted Rotterdam's motion for summary judgment against Monahan and McCreary, finding that the contract between them clearly contemplated that Monahan would indemnify Rotterdam and that, as to common-law indemnity, Rotterdam exercised no control or supervision over the work area. As to McCreary, Supreme Court found that McCreary was entirely responsible for the roof penetration and that Rotterdam's act of limiting access to the roof and placing surveillance cameras on the roof did not constitute supervision.

We concur with Supreme Court's grant of summary judgment against Monahan. The agreement between them indicates that Monahan is to "indemnify and save harmless [Rotterdam] * * * against any and all liability loss * * * in consequence of the carrying out of any of the provisions or requirements of this agreement". This language is clear and entitles Rotterdam to full contractual indemnity (see, Drzewinski v Atlantic Scaffold & Ladder Co., 70 NY2d 774, 777).

We come to a contrary opinion as to the finding that Rotterdam is entitled to summary judgment as to McCreary. Monahan employees were on the roof at the time of the unfortunate accident. It is not clear whether McCreary had

sole control and authority over the work being performed. Summary judgment is thus not appropriate *(see, e.g., Novak v Smith & Mahoney,* 110 AD2d 288, 289, *supra)* and must await resolution by the trier of fact.

Weiss, P. J., Mahoney and Casey, JJ., concur. Ordered that the order entered January 28, 1993 is affirmed, without costs. Ordered that the order entered February 2, 1993 denying renewal is affirmed, without costs. Ordered that the order entered February 2, 1993 granting defendant Rotterdam Square's motion is modified, on the law, without costs, by reversing so much thereof as granted the motion for summary judgment against third-party defendant McCreary Metals, Inc.; motion denied to that extent; and, as so modified, affirmed.