■ KENNETH WYLIE, Respondent, v CONSOLIDATED RAIL CORPORATION, Appellant. (Appeal No. 1.) [645 NYS2d 247] —Amended judgment unanimously reversed on the law without costs and new trial granted. Memorandum: Plaintiff commenced this action under the Federal Employers' Liability Act to recover damages for personal injuries he allegedly sustained when he attempted to operate a defective hand-operated switch while working as a conductor/brakeman at defendant's Frontier Yard in Buffalo, New York. The jury awarded plaintiff damages in the sum of $4,031,926.

On appeal, defendant contends that reversal is required because Supreme Court made numerous errors in its evidentiary rulings, jury instructions and submission of an improper special verdict sheet to the jury. We agree that reversal is required and that a new trial should be granted.

First, the court erred in precluding the testimony of the radiologist who interpreted a CT scan performed on plaintiff three weeks after the accident and who would have testified that, at that time, the CT scan showed no evidence of a herniated disc. We reject the argument of plaintiff that the radiologist was not a treating physician and therefore could have testified only if he had been disclosed as an expert witness pursuant to CPLR 3101 (d), which, concededly, he was not. Moreover, that argument runs counter to the argument of plaintiff's counsel at trial that the radiologist should not be permitted to testify based upon ethical considerations, which prohibit a defendant from contacting a treating physician of plaintiff during pretrial discovery (*see, Anker v Brodnitz*, 98 Misc 2d 148, *affd* 73 AD2d 589, *lv dismissed* 51 NY2d 703, 743).

Although the court properly ruled initially that defendant could not offer proof regarding the effect of plaintiff's smoking on the failure of the spinal fusion surgery, it erred in adhering to that ruling after plaintiff opened the door by introducing evidence concerning the need for a bone-growth stimulator and testifying that he did everything that his doctor recommended in connection with that surgery. Thereafter, plaintiff's counsel, armed with that ruling, elicited evidence tending to fault de-

fendant for the cost and aggravation caused by a bone-growth stimulator prescribed for plaintiff, when the precluded evidence showed that plaintiff's smoking was the most significant reason for prescribing that stimulator.

The court further erred in allowing plaintiff to introduce extensive evidence regarding his wife's difficult and stressful childhood. That evidence had no relevance to any issue in the case and was calculated only to evoke sympathy or otherwise prejudice the jury in favor of plaintiff (*see, Escobar v Seatrain Lines*, 175 AD2d 741). The court additionally erred in failing to give a missing witness charge regarding the failure of plaintiff to call as witnesses his physiatrist and psychiatrist (*see, Diorio v Scala*, 183 AD2d 1065).

We conclude that there is no merit to the contention of defendant that the format of the special verdict sheet submitted to the jury was improper. We also conclude that the court did not abuse its discretion in denying defendant's motion for recusal (*see, People v Moreno*, 70 NY2d 403, 405; *Kern v City of Rochester*, 217 AD2d 918). Further, we reject as lacking in merit defendant's contention regarding other alleged errors with respect to the jury charge and evidentiary rulings.

Inasmuch as a new trial is granted, it is not necessary to address the propriety of the jury's award of damages.

Lastly, we deem it appropriate to comment upon the conduct of both counsel during the trial of this action. The record shows that counsel pursued a pervasive and obvious course of verbal hostility and incivility toward each other that, in our view, manifestly impeded the orderly progress of the trial. Such extreme conduct cannot be condoned; it tends to preclude a speedy and unprejudiced disposition of the issues, which should be resolved in a setting of proper decorum. Counsel should realize that, when they "resort to such practices to win a verdict, they imperil the very verdict which they thus seek" (*Cherry Cr. Natl. Bank v Fidelity & Cas. Co.*, 207 App Div 787, 791). (Appeal from Amended Judgment of Supreme Court, Erie County, Glownia, J.—Personal Injury.) Present—Denman, P. J., Pine, Callahan, Balio and Davis, JJ.