■ JOHN JUSTYK, Respondent, v TREIBACHER SCHLEIFMITTEL CORP., Appellant, et al., Defendant. TREIBACHER SCHLEIFMITTEL CORP., Third-Party Plaintiff, v MODERN MANAGEMENT GROUP, INC., et al., Third-Party Defendants-Appellants. [771 NYS2d 615]—

Appeals from an order of the Supreme Court, Niagara County (Amy J. Fricano, J.), entered November 8, 2002. The order granted plaintiff's motion for partial summary judgment on the issue of liability under Labor Law § 240 (1) and denied the cross motion of defendant Treibacher Schleifmittel Corp. to compel disclosure.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Plaintiff was injured when he fell through a 3- to 4-foot hole that he uncovered while removing roofing material containing asbestos at a work site and plummeted 18 to 20 feet to a concrete floor. The hole had been previously cut in the roof in order to remove a piece of equipment from the building and then was sealed with a thin layer of tin before being covered with the roofing material that plaintiff subsequently removed. Supreme Court properly granted plaintiff's motion for partial summary judgment on the issue of liability under Labor Law § 240 (1). Plaintiff's accident is of the type the statute is designed to prevent (*see Clark v Fox Meadow Bldrs.*, 214 AD2d 882, 883 [1995]; *see also Huthmacher v Dunlop Tire Corp.*, 284 AD2d 1014 [2001], *lv dismissed* 97 NY2d 677 [2001]; *Stark v Rotterdam Sq.*, 198 AD2d 583 [1993]) and it is undisputed that no safety devices were provided to plaintiff (*see Felker v Corning, Inc.*, 90 NY2d 219, 225 [1997]; *Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 521 [1985], *rearg denied* 65 NY2d 1054 [1985]). Although plaintiff was the one who exposed the hole when, in accordance with his duties, he removed a section of the roof with a serrated shovel, plaintiff's conduct does not create a question of fact on the issue of proximate cause because plaintiff's own carelessness is irrelevant (*see Clark*, 214 AD2d at 884). The record establishes that the outline of the tin-covered hole was visible from the interior of the building. We therefore conclude that exposure of the hole was not an unforeseeable, intervening act (*see id.*). Finally, the court did not abuse its discretion in denying that part of the cross motion of Treibacher Schleifmittel Corp. (defendant) seeking to compel plaintiff to produce his tax returns. Defendant did not establish that the information contained therein is not available from other sources (*see Ciancio v Woodlawn Cemetery Assn.*, 210 AD2d 9, 10 [1994]; *Abbene v Griffin*, 208 AD2d 483 [1994]; *Lauer's Furniture Stores v Pittsford Place Assoc.*, 190 AD2d 1054, 1055 [1993]; *Matthews Indus. Piping Co. v Mobil Oil Corp.*, 114 AD2d 772 [1985]). Present—Hurlbutt, J.P., Scudder, Kehoe, Gorski and Hayes, JJ. [As amended by unpublished order entered Apr. 30, 2004.]