Cun-En Lin v Holy Family Monuments (2004 NY Slip Op 24056)

Cun-En Lin v Holy Family Monuments

2004 NY Slip Op 24056 [3 Misc 3d 618]

February 24, 2004

Supreme Court, Kings County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, June 16, 2004

[*1]
Cun-En Lin et al., Plaintiffs,
v
Holy Family Monuments et al., Defendants.
Supreme Court, Kings County, February 24, 2004

APPEARANCES OF COUNSEL

Baxter & Smith, P.C., Jericho (Robert C. Baxter of counsel), for defendants. Caesar & Napoli, New York City (Vivian Gayed of counsel), for plaintiffs.

{**3 Misc 3d at 618} OPINION OF THE COURT

Herbert Kramer, J.
Plaintiff Lin, who was sitting on the platform of a gantry crane while reinforcing its support rods, was injured when the crane collapsed, causing him to fall to the ground. Defendant moves to dismiss plaintiff's claims under sections 200, 240 (1){**3 Misc 3d at 619} and 241 (6) of the Labor Law claiming that plaintiff has failed to make out a prima facie case under any of these provisions. Plaintiff cross-moves for summary judgment on the section 240 (1) claim and moves for consolidation of the instant action with a related action under index number 32871/03.
With respect to the section 240 (1) claim, defendant argues that the gantry crane is not a "structure" within the meaning of that term within this provision. This court disagrees.
A gantry "is a crane-like structure" (Wong v New York Times, 297 AD2d 544, 546 [lst Dept 2002]), which looks like a table on wheels, fitted with a lifting device that is suspended from the center of this "table." It moves along on tracks and is used to haul heavy objects like presses or, as in this case, stone monuments. "A structure includes any production or piece of work artificially built up or composed of parts joined together in some definite manner . . . The crane fits squarely within that definition." (Cornacchione v Clark Concrete Co., 278 AD2d 800, 801 [4th Dept 2000] [internal quotation marks omitted] [reinstating the section 240 (1) claim of a plaintiff who was injured while engaged in painting the name of a company on the boom of a crane]; see also Struble v John Arborio, Inc., 74 AD2d 55 [3d Dept 1980] [worker fell from an elevated catwalk while dismantling a crane].)
[*2]
Additionally, here, plaintiff Lin was working while perched atop the gantry crane some 12 feet or more off the ground.[FN*] 

The crane itself was the scaffold and " 'the scaffold . . . was inadequate in and of itself to protect [him] against hazards encountered while [adjusting] that same scaffold', and additional safety devices were necessary to satisfy Labor Law § 240 (1)." (Lightfoot v State of New York, 245 AD2d 488, 489 [2d Dept 1997] [plaintiff fell from atop a truck which was used as a platform to paint bridges when the safety guardrail on the truck collapsed]; see also, Clute v Ellis Hosp., 184 AD2d 942 [3d Dept 1992] [roof deck on which worker was pouring concrete collapsed; deck was functioning as scaffold which should have been spot welded but was not].)
It is undisputed that plaintiff Lin fell from an elevated height while repairing the gantry crane. Since a gantry crane is a structure for section 240 (1) purposes and the absence of a safe perch {**3 Misc 3d at 620}for plaintiff to have worked while reinforcing the crane was the proximate cause of his injury, plaintiff Lin's motion for partial summary judgment on the section 240 (1) claim is granted.
As to Labor Law §§ 200 and 241 (6) claims, "[o]n [a] motion for summary judgment, it was incumbent on defendants to first present evidence demonstrating that plaintiffs have no cause of action before plaintiffs are called upon to present evidence raising a question of fact . . . [Here, as to the section 200 claim, [a]lthough defendants demonstrated that they did not exercise any supervisory control over the work performed, they failed to submit evidence showing that they did not have actual or constructive notice of the unsafe condition." (Mascellino v Buffalo Gen. Hosp., 123 AD2d 507, 507 [4th Dept 1986].) Indeed, defendant, Joseph Auricchio, testified that he hired plaintiffs to reinforce the rods of the crane because "you could see [the crane] was weak, it needed to be strengthened."
Plaintiffs rely upon more than one section of the Industrial Code to support their section 241 (6) claim. Defendants discussed only one of those sections in detail. They then made a general assertion that the remaining sections were not sufficiently specific to support a section 241 (6) claim. As such, defendants have not demonstrated the inapplicability of the remaining sections and consequently have not met their burden of coming forward so as to trigger plaintiff's obligation to demonstrate the viability of the claim. Contrary to defendants' contentions that the remaining sections state only general propositions of law, this court notes that section 23-1.5 of the Industrial Code (12 NYCRR), cited by plaintiff in his complaint, and specifically subdivision (c) (1) of that provision which applies to the facts here in issue, is "sufficiently specific to constitute [a] predicate[ ] for the imposition of liability pursuant to Labor Law § 241 (6)." (Gonzalez v United Parcel Serv., 249 AD2d 210, 211 [1st Dept 1998].) Accordingly, defendants' motion to dismiss plaintiffs' claims under sections 200 and 241 (6) of the Labor Law is denied.
In sum, plaintiff Lin's motion for summary judgment on the section 240 (1) claim is granted and the defendants' motion for summary judgment is denied in its entirety. [*3]Plaintiff's motion for consolidation is granted. Plaintiff is directed to submit an order with regard to the consolidation motion.

Footnotes

Footnote *: While plaintiff Lin's testimony regarding where he was perched is not a model of clarity, primarily because of a language difficulty, for the purpose of this motion, this court finds, after carefully reviewing Lin's testimony, that he was sitting on top of the gantry crane while he was making the repairs.