(January 24, 2008)

■ AGIM PRELDAKAJ et al., Appellants-Respondents, v ALPS REALTY OF NY CORP., Respondent-Appellant, et al., Defendant. [851 NYS2d 26]—

Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered September 25, 2006, which, to the extent appealed from, as limited by the briefs, denied the motion of defendant-respondent-appellant Alps Realty of NY Corp. for summary judgment dismissing the complaint as against it, and denied the cross motion of plaintiffs-appellants-respondents Agim Preldakaj, Lush Preldakaj and Ankelte Preldakaj for partial summary judgment on the issue of liability, unanimously affirmed, without costs.

Plaintiffs Agim Preldakaj and Lush Preldakaj are shareholders and officers of defendant Alps Realty NY Corp. (Alps), which is a closely held corporation. The only other shareholder and officer is nonparty Pashco Preldakaj. Alps owned an apartment building located at 3650 Bronx Boulevard. Both Agim and Lush maintain that they are employed full-time in jobs unrelated to the building or the corporation. They further assert that Pashco is solely responsible for maintaining the building and for hiring workers to perform services in and around the building.

In July 2004, Pashco hired defendant Gjelosh Preldakaj, a relative, to refinish hardwood floors in the building. The refinishing project lasted nine days and plaintiffs claim that Pashco supervised and directed Gjelosh's work on a daily basis. They further assert that Pashco selected and purchased the materials which Gjelosh used. On July 7, 2004, Agim and Lush visited the building to inspect the refinishing work. They allege that fumes from a refinishing chemical ignited and exploded, causing them injury. Agim and Lush (and Agim's wife derivatively) commenced this action against Alps for negligence and the negligent hiring of Gjelosh. They named Gjelosh as a defendant in an amended complaint and specifically alleged res ipsa loquitur as a theory of liability against defendants.

After Alps appeared, but before any significant discovery had been conducted, it moved for summary judgment to dismiss the complaint. Alps argued that it could not be held liable for the

negligence of an independent contractor. It further asserted that as principals of Alps, Agim and Lush could not recover against Alps for negligence, since their status as principals made them responsible themselves for the breach of duty that led to the accident.

Plaintiffs cross-moved for summary judgment in their favor on the issue of liability. They argued that Agim and Lush could not be responsible for the accident in their capacities as principals in Alps because they did not supervise or otherwise participate in the floor refinishing work. They further argued that, pursuant to Multiple Dwelling Law § 78 (1), Alps owed them a nondelegable duty to keep the building in good repair.

The motion court denied Alps' motion and found that a question of fact existed as to whether Alps was negligent in selecting, instructing or supervising Gjelosh. It also identified an issue of fact regarding the extent of Agim's and Lush's authority over the affairs of Alps. Additionally, the court denied plaintiffs' cross motion for summary judgment. It held that Multiple Dwelling Law § 78 (1) is inapplicable to this case, stating that the statute relates to a building owner's duty to make repairs to an apartment.

Summary judgment was properly denied to all parties. As to Alps' liability to plaintiffs, a person is not precluded from bringing an action against a corporation simply because he is a principal of the corporation. The determinative factor is whether the person's role in the affairs of the corporation involved ensuring the performance of the particular corporate duty whose breach he alleges caused his injury. If it did, the person is barred from maintaining the action (*see Zimmerman v Pokart*, 242 AD2d 202, 203 [1997]). Here, there are questions of fact as to whether Agim and Lush ceded all authority over building affairs to Pashco (*see Matter of Witherill*, 37 AD3d 879 [2007]), or whether they were in fact involved in the maintenance of the premises.

There is also a question of fact as to whether Gjelosh's status as an independent contractor shielded Alps from liability. The general rule is that a party may not be held liable for the negligent acts of its independent contractor (*Rosenberg v Equitable Life Assur. Socy. of U.S.*, 79 NY2d 663, 668 [1992]). An exception exists where the party supervises the contractor, and does so negligently (*see Kleeman v Rheingold*, 81 NY2d 270, 274 [1993]). Here, plaintiffs asserted that Pashco supervised Gjelosh's work. However, we reject plaintiffs' argument that the evidence of Alps' negligence in supervising the work is so overwhelming that they may be awarded summary judgment on

a theory of res ipsa loquitur. To the contrary, the record has hardly been developed (see Morejon v Rais Constr. Co., 7 NY3d 203 [2006]). Nevertheless, the allegation that Pashco purchased the chemicals that Gjelosh used, taken together with the allegation that the chemicals ignited, creates an issue of fact as to whether Alps was negligent.

The motion court's interpretation of Multiple Dwelling Law § 78 (1), that it only protects persons on the premises from a landlord's failure to repair a defect, but not from an affirmative act of negligence, is inaccurate. The statute was enacted to protect tenants, guests and invitees on the premises and to place liability on owners should they not keep the premises in a safe condition (see Trimarco v Klein, 56 NY2d 98, 105 [1982]). Nevertheless, there remains an issue of fact as to whether Agim and Lush were protected by the statute at the time of the accident. The admission by Agim and Lush that at the time of the accident they were at the building for no purpose other than to inspect the refinishing work suggests that they exercised some degree of supervision over the work. Depending on the extent of their supervision, they may have owed a duty to ensure that it was carried out in a safe manner. If Agim and Lush owed such a duty, they may not invoke Multiple Dwelling Law § 78 (1) (see Zimmerman v Pokart, 242 AD2d at 203). However, on this record, we cannot determine the extent of their involvement in the floor refinishing project. Concur—Tom, J.P., Mazzarelli, Saxe, Marlow and Williams, JJ.