DOUGLAS W. DEAL et al., Respondents, v JAMES WOOD, an Individual Doing Business as WOODY'S PRO-CLEAN SERVICES, Appellant. [851 NYS2d 772]—

Appeal from an order of the Supreme Court, Seneca County (W. Patrick Falvey, A.J.), entered December 29, 2006 in a personal injury action. The order denied defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries allegedly sustained by Douglas W. Deal (plaintiff) when he slipped and fell at his place of employment. Defendant contracted with plaintiff's employer to provide janito-

rial services and, according to plaintiffs, defendant negligently cleaned an area of the floor and thereby created the dangerous condition that caused plaintiff to slip and fall. Supreme Court properly denied defendant's motion for summary judgment dismissing the complaint. Although defendant met his initial burden by establishing that he did not create the dangerous condition, we conclude that plaintiffs raised an issue of fact to defeat the motion. Plaintiffs were not required in this circumstantial evidence case to " 'exclude every other possible cause' of the accident but defendant's negligence . . . Rather, [their] proof [had to] render those other causes sufficiently 'remote' or 'technical' to enable the jury to reach its verdict based not upon speculation, but upon the logical inferences to be drawn from the evidence" (*Schneider v Kings Highway Hosp. Ctr.*, 67 NY2d 743, 744 [1986]). Here, plaintiffs met their burden by submitting evidence that defendant's agents flooded the bathroom floor shortly before the accident, that water accumulated at the top of the nearby stairs, and that the floor pitches or slants from the bathroom door to the top of the stairs where plaintiff allegedly fell. Finally, we note that it appears on the record before us that defendant contends for the first time on appeal that the statement of his employee to the effect that she had just cleaned the area and was "sorry" was inadmissible hearsay, and defendant thus has failed to preserve that contention for our review (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985 [1994]). In any event, the alleged inadmissibility of that statement would not alter our decision herein. Present—Martoche, J.P., Centra, Lunn, Green and Gorski, JJ.