(January 14, 2010)

■ AGIM PRELDAKAJ et al., Respondents, v ALPS REALTY OF NY CORP., Appellant, et al., Defendant. (And a Third-Party Action.)
[894 NYS2d 21]—

The injured plaintiffs assert that they had merely stopped by an apartment to observe floor refinishing that was being performed by their cousin, who had been hired by defendant Alps, the corporation that owned the apartment and in which plaintiffs are shareholders and officers, when fumes from the polyurethane that the cousin was applying to the floor ignited, causing their injuries (*see* 47 AD3d 511 [2008]). However, hospital and fire department records indicate that plaintiffs admitted to ambulance attendants, hospital staff, and a fire department official that they were applying the polyurethane when the fire broke out.

The motion court, after correctly finding that the admissions were not germane to the diagnosis or treatment of plaintiffs' injuries and therefore were not admissible under the business records exception to the hearsay rule (*see Quispe v Lemle & Wolff, Inc.*, 266 AD2d 95 [1999]), ruled that the records were to be redacted to omit statements that plaintiffs were applying the polyurethane. In addition, apparently addressing the exception to the hearsay rule for admissions against interest in hospital records (*see Coker v Bakkal Foods, Inc.*, 52 AD3d 765 [2008], *lv denied* 11 NY3d 708 [2008]), the court ruled that the statements were unreliable, and therefore inadmissible, in view of uncontradicted evidence about the effects of the morphine that was administered to plaintiffs during treatment. This was error. The evidence concerning the effects of the morphine goes to the weight to be accorded the admissions, not their admissibility (*see Gangi v Fradus.*, 227 NY 452, 457 [1920]).

The statements that plaintiffs were applying the polyurethane may only be admitted if there is clear evidence connecting the

party to the entry (i.e., testimony that the party made the statement) (*see Berrios v TEG Mgt. Corp.*, 35 AD3d 775 [2006]). If the statements are admitted at trial and it is determined that, contrary to plaintiffs' position, they were refinishing the floors when the fire broke out, then it will have been shown that plaintiffs' "role[s] in the affairs of [Alps] involved ensuring the performance of the particular corporate duty whose breach [they] allege[ ] caused [their] injur[ies]," and they will be unable to prevail in this action (*see* 47 AD3d at 512).

To the extent not mooted by post-motion depositions, the motion court properly denied those branches of Alps' motions that sought vacatur of the note of issue and commissions for further depositions (*see Scocozza v Tolia*, 254 AD2d 475 [1998]). Concur—Gonzalez, P.J., Tom, Sweeny, Freedman and Abdus-Salaam, JJ.