■ Thomas J. Smolinski, Respondent, v Matthew A. Smolinski, Defendant, and Ford Motor Credit Company, Appellant. [912 NYS2d 820]—

Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered October 1, 2008 in a personal injury action. The order and judg-

ment denied the motion of defendant Ford Motor Credit Company to set aside a jury verdict and granted plaintiff judgment on the issue of liability.

It is hereby ordered that the order and judgment so appealed from is unanimously reversed on the law without costs, the post-trial motion is granted in part, the verdict is set aside and a new trial is granted on liability.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained in a single-vehicle accident that also involved his brother, defendant Matthew A. Smolinski. Defendant Ford Motor Credit Company (Ford Credit) appeals from an order and judgment entered in plaintiff's favor following a bifurcated trial on liability. Contrary to the contention of Ford Credit, the record establishes that it was the owner and lessor of the vehicle leased to Matthew Smolinski, despite the fact that "Ford Credit Titling Trust" appears on the title to that vehicle (*see Taughrin v Rodriguez*, 254 AD2d 735 [1998]). Thus, Ford Credit may properly be held vicariously liable for plaintiff's injuries pursuant to Vehicle and Traffic Law § 388 (*see generally Chilberg v Chilberg*, 13 AD3d 1089, 1091-1093 [2004]).

We agree with Ford Credit, however, that Supreme Court erred in denying its post-trial motion seeking, inter alia, to set aside the verdict and that a new trial is warranted. We note at the outset that the conduct of both trial and appellate counsel for plaintiff and Ford Credit often fell short of the level of professionalism expected of officers of the court. There can be no doubt that the tactics employed by counsel contributed to the undue length of this litigation, which involved two mistrials and resulted in an overly cumbersome record in excess of 13,000 pages (*see Laughing v Utica Steam Engine & Boiler Works*, 16 AD2d 294, 295 [1962]). At different points in the litigation, the failure of plaintiff and Ford Credit to comply with discovery demands resulted in the other party's successful motion for an order to compel such discovery. Further, the voluminous briefs submitted on this appeal have done little to illuminate the narrow matter that this Court has been asked to decide and have at times obscured the issues and relevant facts. Indeed, some of the hyperbolic arguments made by Ford Credit in its briefs and with respect to various motions throughout the litigation are borderline frivolous, contradicted by the record or appear to have been made in an attempt to prolong the litigation process. We therefore reiterate "that when counsel in a close case resort to [unprofessional] practices to win a verdict, they imperil the very verdict [that] they . . . seek" (*Cherry Cr. Natl. Bank v Fidelity & Cas. Co.*, 207 App Div 787, 791 [1924]).

Nevertheless, we agree with Ford Credit that reversal is warranted based on, inter alia, the misconduct of plaintiff's counsel during the last trial. In her summation, counsel for plaintiff improperly implied that Ford Credit's expert witnesses testified falsely for compensation (*see Nuccio v Chou*, 183 AD2d 511, 514-515 [1992], *lv dismissed* 81 NY2d 783; *Steidel v County of Nassau*, 182 AD2d 809, 814 [1992]); repeatedly alleged that Ford Credit engaged in a conspiracy to cover up the facts (*see Calzado v New York City Tr. Auth.*, 304 AD2d 385 [2003]; *Berkowitz v Marriott Corp.*, 163 AD2d 52, 54 [1990]); and made numerous references to the resources that Ford Credit had as a large corporation (*see Kenneth v Gardner*, 36 AD2d 575 [1971]). Further, plaintiff introduced extensive irrelevant and highly prejudicial evidence (*see Wylie v Consolidated Rail Corp.*, 229 AD2d 966, 967 [1996]; *Escobar v Seatrain Lines*, 175 AD2d 741, 744 [1991]). The only issue that the jury was asked to determine was who was driving the vehicle at the time of the accident: plaintiff, who was rendered a quadriplegic at the C6 level as a result of his injuries, or his brother. Plaintiff's counsel, however, elicited approximately 70 pages of trial testimony regarding plaintiff's life before the accident, including plaintiff's hobbies, high school and college athletic accomplishments, work history, and relationships with friends and family. "That evidence had no relevance to [the single] issue [at trial] and was calculated only to evoke sympathy or otherwise prejudice the jury in favor of plaintiff" (*Wylie*, 229 AD2d at 967). The improper nature of that evidence, as well as the misconduct of plaintiff's counsel during summation, "constitute[s] a pattern of behavior designed to divert the attention of the jurors from the issue[ ] at hand" (*Krumpek v Millfeld Trading Co.* [appeal No. 3], 272 AD2d 879, 881).

We further agree with Ford Credit that the court improperly excluded certain evidence of admissions by plaintiff that he was driving the vehicle at the time of the accident. "In a civil action[,] the admissions by a party of any fact material to the issue are always competent evidence against him [or her], wherever, whenever or to [whomever] made" (*Reed v McCord*, 160 NY 330, 341 [1899]). The first admission in question was memorialized in plaintiff's prehospital care report by a treating emergency medical technician (EMT). Generally, "[a] hearsay entry in a hospital record as to the happening of an injury is admissible at trial, even if not germane to diagnosis or treatment, if the entry is inconsistent with a position taken by a party at trial and there is evidence to connect the party to the entry" (*Berrios v TEG Mgt. Corp.*, 35 AD3d 775, 776 [2006]; *see Coker v Bakkal Foods, Inc.*, 52 AD3d 765, 766 [2008], *lv denied*

11 NY3d 708 [2008]). In pretrial sworn statements, the EMT stated that plaintiff said, "I went off the road" in response to her questions. Thus, "there is clear evidence connecting [plaintiff] to the entry" (*Preldakaj v Alps Realty of NY Corp.*, 69 AD3d 455, 456-457 [2010]). No such clear evidence exists, however, with respect to a similar admission included in the hospital emergency room record, and thus that admission was properly excluded. Further, plaintiff's alleged admission to a police officer shortly after the accident should have been admitted in evidence. The court excluded that admission because the officer could not remember the exact wording used by plaintiff and because of the severity of the injuries for which plaintiff was undergoing treatment at the time. That was error inasmuch as those considerations go to the weight of the evidence, not the admissibility thereof (*see id.* at 456). "[I]t is . . . for the jury to determine whether or not the admissions were made, the facts and conditions [that] affect the probative value, and the value itself" (*Gangi v Fradus.*, 227 NY 452, 458 [1920]; *cf. Driscoll v New York City Tr. Auth.*, 262 AD2d 271 [1999]).

We agree with Ford Credit that the court erred in permitting a witness to testify concerning statements made to Matthew Smolinski by an "older gentleman" whom the witness could not otherwise identify (*see generally Brereton v McEvoy*, 44 AD2d 594, 595 [1974]). Inasmuch as the hearsay statements concerned the only matter at issue, i.e., who was driving the vehicle, those statements were improperly admitted in evidence (*see id.*). Finally, we have reviewed Ford Credit's remaining contentions and conclude that they are without merit. Present—Scudder, P.J., Peradotto, Carni, Green and Gorski, JJ.