■ Umit Jon Kamolov, Appellant, v BIA Group, LLC, et al., Respondents. (And a Third-Party Action.) [915 NYS2d 588]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Vaughan, J.), dated February 24, 2010, which denied his motion for summary judgment on the issue of liability on his cause of action pursuant to Labor Law § 240 (1).

Ordered that the order is affirmed, with costs.

The Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability on his cause of action pursuant to Labor Law § 240 (1). In opposition to the plaintiff's prima facie showing of entitlement to judgment as a matter of law on that cause of action, the defendants raised a triable issue of fact as to the manner in which the accident occurred (see e.g. Kumar v Stahlunt Assoc., 3 AD3d 330 [2004]; Park v Ferragamo, 282 AD2d 588 [2001]; Avendano v Sazerac, Inc., 248 AD2d 340, 341 [1998]). In this regard, the plaintiff failed to demonstrate that relevant portions of the medical records submitted by the defendants in opposition to his motion constituted inadmissible hearsay. The statements in the records regarding the manner in which the accident occurred were germane to the diagnosis and/or treatment of the plaintiff, and were properly considered as business records (see Harrison v Bailey, 79 AD3d 811 [2010]; see also Rodriguez v Piccone, 5 AD3d 757, 758 [2004]; Wright v New York City Hous. Auth., 273 AD2d 378, 379 [2000]; Eitner v

*119 W. 71st St. Owners Corp.*, 253 AD2d 641, 641-642 [1998]). The plaintiff's remaining challenges to the defendants' reliance on the business records exception to the hearsay rule were not raised in the Supreme Court (*see Buckley v J.A. Jones/GMO*, 38 AD3d 461, 463 [2007]) and, in any event, are without merit. Furthermore, the challenged statements set forth in the ambulance report also were admissible on the independent ground that they constituted admissions by the plaintiff, since they are inconsistent with his current account of the accident and the statements were satisfactorily connected to him (*see generally Preldakaj v Alps Realty of NY Corp.*, 69 AD3d 455, 456-457 [2010]).

We note that the defendants' alternative contention that, even if the plaintiff's account of the accident is accepted, a triable issue of fact exists regarding whether the plaintiff was the sole proximate cause of his own injuries, is without merit (*see Valensisi v Greens at Half Hollow, LLC*, 33 AD3d 693, 694 [2006]; *Brandl v Ram Bldrs., Inc.*, 7 AD3d 655 [2004]; *Justyk v Treibacher Schleifmittel Corp.*, 4 AD3d 882, 883 [2004]). Mastro, J.P., Rivera, Austin and Roman, JJ., concur.