Hunter v Motor Veh. Acc. Indem. Corp. (2025 NY Slip Op 00552)

Hunter v Motor Veh. Acc. Indem. Corp.

2025 NY Slip Op 00552

Decided on January 31, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, OGDEN, NOWAK, AND DELCONTE, JJ.

750 CA 23-01436

[*1]JANICE M. HUNTER, PLAINTIFF-APPELLANT,
v
MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, DEFENDANT-RESPONDENT. 

TOWEY LAW, PLLC, BUFFALO (BRIAN K. TOWEY OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
KORNFELD, REW, NEWMAN & SIMEONE, SUFFERN (SCOTT A. DOW OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered August 17, 2023. The order denied the motion of plaintiff for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action pursuant to Insurance Law § 5218 seeking damages for injuries that she allegedly sustained in an alleged hit-and-run accident. The complaint, as amplified by the bill of particulars, alleges that the accident occurred when plaintiff was walking in a roadway at 1:30 a.m. During her deposition, plaintiff testified that an unidentified vehicle struck her left shoulder, back and neck, causing her to fly in the air and land on the hood of the vehicle. Plaintiff further testified that the unidentified driver of the vehicle initially stopped and said that she would call the police, but then got back into her vehicle and drove away. Plaintiff walked home after the accident and went to the hospital the following day. The medical records from plaintiff's emergency room visit indicate that she informed medical personnel that a car struck her on the right side of her body when she was crossing the street.
Following discovery, plaintiff moved for summary judgment on the issues of negligence and serious injury within the meaning of Insurance Law § 5102 (d). Supreme Court denied the motion in its entirety, concluding, inter alia, that plaintiff's own submissions, including her medical records, raised "a triable issue of fact as to the happening of the accident with the unidentified motor vehicle." On appeal, plaintiff contends that the court erred in denying her motion with respect to the issue of negligence. We affirm.
Plaintiff failed to preserve for our review her contention that her statements in the medical records about the happening of the accident are inadmissible hearsay evidence that should not have been considered by the court (see Deal v Wood, 48 AD3d 1093, 1094 [4th Dept 2008]). In any event, plaintiff's contention lacks merit. Statements of a patient contained in medical records are admissible if they are "germane to plaintiff's diagnosis and treatment or . . . directly attributable to plaintiff" (Greca v Choice Assoc. LLC, 200 AD3d 415, 416 [1st Dept 2021] [emphasis added]; see Musaid v Mercy Hosp. of Buffalo, 249 AD2d 958, 959 [4th Dept 1998]; see generally People v Ortega, 15 NY3d 610, 616-618 [2010]; Williams v Alexander, 309 NY 283, 287 [1955]). Here, plaintiff's statements to medical personnel regarding how she was allegedly struck and where on her body she was allegedly struck are germane to the diagnosis, and thus are admissible (see Kamolov v BIA Group, LLC, 79 AD3d 1101, 1101 [2d Dept 2010]; cf. Cafisi v L & L Holding Co., LLC, 219 AD3d 1215, 1217 [1st Dept 2023]; Sermos v Gruppuso, 95 AD3d 985, 986-987 [2d Dept 2012]). Moreover, "[a] hearsay entry in a hospital record as to the happening of an injury is admissible evidence, even if not germane to diagnosis or treatment, where, as here, it is inconsistent with another account provided by that party" (Barris v One [*2]Beard St., LLC, 126 AD3d 831, 833 [2d Dept 2015]; see Smolinski v Smolinski, 78 AD3d 1642, 1644 [4th Dept 2010]).
Plaintiff further contends that the court erred in denying her motion inasmuch as she established as a matter of law that the unidentified driver was negligent. We reject that contention. As a preliminary matter, we note that "[n]egligence cases by their very nature do not usually lend themselves to summary judgment, since often, even if all parties are in agreement as to the underlying facts, the very question of negligence is itself a question for jury determination" (Ugarriza v Schmieder, 46 NY2d 471, 474 [1979]). "Indeed, the jury is often faced with the question whether a party's conduct is reasonable" (Huff v Rodriguez, 45 AD3d 1430, 1431 [4th Dept 2007]).
Here, plaintiff failed to establish as a matter of law that there was negligence per se, i.e., that an unidentified driver had an " 'unexcused' " violation of a traffic law (Lowes v Anas, 195 AD3d 1579, 1581 [4th Dept 2021]; see Long v Niagara Frontier Transp. Auth., 81 AD3d 1391, 1392 [4th Dept 2011]) because the driver did not exercise due care in the operation of a vehicle (see Vehicle and Traffic Law § 1146 [a]; Sauter v Calabretta, 90 AD3d 1702, 1703 [4th Dept 2011]). Other than her assertion that she was struck by a vehicle, plaintiff submitted nothing to establish that the driver of that vehicle did not exercise due care or committed an unexcused violation of the Vehicle and Traffic Law (cf. Amerman v Reeves, 148 AD3d 1632, 1633 [4th Dept 2017]).
Moreover, there are triable issues of fact whether the alleged conduct of the driver of the vehicle amounted to ordinary negligence inasmuch as there are triable issues of fact whether, at the time of the accident, plaintiff violated Vehicle and Traffic Law § 1156 (a) and (b) by walking in the street in the wrong direction or was crossing a dark street in dark clothes in the middle of the night. Plaintiff testified at her deposition that there were sidewalks but she was walking on the edge of the street, and also that she was walking with the flow of traffic instead of "facing traffic" (§ 1156 [b]; see § 1156 [a]; see generally Savage v Evans, 46 AD2d 979, 980 [3d Dept 1974]). Plaintiff also testified that, although the area was lit by street lamps, she was wearing dark clothing, and the driver was able to avoid striking plaintiff's friend, who was either crossing the street with her or walking behind her and, in that case, would have been the first pedestrian the driver passed.
Although "a plaintiff's comparative negligence is no longer a complete defense and its absence need not be pleaded and proved by the plaintiff" (Rodriguez v City of New York, 31 NY3d 312, 321 [2018]), and plaintiffs need not "demonstrate the absence of [their] own comparative fault" in order to obtain partial summary judgment on a driver's negligence (id. at 323; see Lowes, 195 AD3d at 1582), in light of the questions of fact regarding plaintiff's conduct at the time of the accident, she has not established as a matter of law that the driver was negligent (see Shaw v Rosha Enters., Inc., 129 AD3d 1574, 1575 [4th Dept 2015]; cf. Miller v Silvarole Trucking Inc., 211 AD3d 1544, 1545 [4th Dept 2022]; Strassburg v Merchants Auto. Group, Inc., 203 AD3d 1735, 1736 [4th Dept 2022]; see generally Savage, 46 AD2d at 980).
"Only in the most unusual or extraordinary case," involving an unidentified driver will "summary judgment be warranted in favor of a plaintiff" (Torres v O'Keefe, 35 Misc 2d 347, 348 [Sup Ct App Term, 1st Dept 1962]). Indeed, where, as here, a plaintiff has provided vastly different accounts of the incident, a factfinder could reject plaintiff's version of events and reasonably determine that the plaintiff "fail[ed] to properly look out for oncoming traffic before stepping into the roadway" to either walk along the sidewalk or cross the roadway (Campusano-Compre v Motor Veh. Acc. Indem. Corp., 66 Misc 3d 1222 [A], 2020 NY Slip Op 50211 [U], *2 [Civ Ct, Kings County 2020]; see generally Savage, 46 AD2d at 980).
We therefore conclude that the court properly denied plaintiff's motion for summary judgment with respect to the issue of negligence.
Entered: January 31, 2025
Ann Dillon Flynn
Clerk of the Court