■ ANTONIO HERNANDEZ, Appellant, v NEW YORK CITY et al., Respondents, et al., Defendants. (And Third-Party Actions.)—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Leone, J.), dated May 2, 1989, which denied his motion for partial summary judgment as to liability against the defendants the City of New York and Sylvestri Contracting Corporation based upon a violation of Labor Law § 241.

Ordered that the order is affirmed, with one bill of costs.

On June 3, 1985, during a reconstruction project at the St. George Terminal of the Staten Island Ferry, the plaintiff Antonio Hernandez was seriously injured when he fell through an opening between steel beams onto railroad tracks located 26 feet below. Hernandez commenced an action against, *inter alia,* the City of New York as owner of the accident site and Sylvestri Contracting Corporation, the general contractor, to recover damages for his injuries. Subsequently, third-party actions were brought against Burt Contracting Company, Inc. a subcontractor on the reconstruction project who was the plaintiff's employer.

Labor Law § 241 imposes a nondelegable duty upon owners, contractors and their agents to provide workers engaged in construction, excavation or demolition work with certain safeguards (see, *Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 521-522). To this end, Labor Law § 241 (4) upon which liability in the instant case is predicated provides for the specific safeguard that "[i]f the floor beams are of iron or steel, the entire tier of iron or steel beams on which the structural iron or steel work is being erected shall be thoroughly planked over". However, Labor Law § 241 (4) also provides a statutory exception to the planking requirement for

"spaces reasonably required for proper construction of the iron or steel work". Owners, contractors, and their agents are absolutely liable for injuries sustained in the absence of the safeguards required by Labor Law § 241 (4) *(Zimmer v Chemung County Performing Arts, supra,* at 522).

We agree with the Supreme Court that the plaintiff did not establish his right to judgment as a matter of law. Although the plaintiff's moving papers, including the deposition of an eyewitness, demonstrated that the space between the steel beams into which the plaintiff fell was unguarded, a factual issue exists as to whether the space into which the plaintiff fell was required for construction and, thus, whether the owner or general contractor owed a duty to plank over the opening between the steel beams. Accordingly, the Supreme Court properly denied the plaintiff's motion for partial summary judgment based upon a violation of Labor Law § 241 (4) *(see, e.g., Senken v Eklund,* 150 AD2d 671; *Lickers v Elia Bldg. Co.,* 105 AD2d 1069; *cf., Joyce v Rumsey Realty Corp.,* 17 NY2d 118, 122-123). Thompson, J. P., Brown, Lawrence and Eiber, JJ., concur.