■ BLAS ROBERTTI, Appellant, v POWERS CHANG et al., Defendants and Third-Party Plaintiffs-Respondents, et al., Defendants. ABC CONSTRUCTION CORP., Third-Party Defendant-Respondent. (And a Second Third-Party Action.) [642 NYS2d 715] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated January 25, 1995, as (1) granted the branches of the motion of the third-party defendant ABC Construction Corp. and the cross motion of the defendants Powers Chang, Solomon Liou, Helena Hoo, John Cheng, Sophia Hsieh, and Jong Chen d/b/a Main Street Associates which were for summary judgment dismissing the plaintiff's causes of action predicated upon alleged violations of Labor Law § 240 (1), (3), and § 241 (4), and (2) denied the branch of the plaintiff's application which was for partial summary judgment on the issue of liability under Labor Law § 240 (1), (3), and § 241 (4).

Ordered that the order is modified, on the law, by deleting the provisions thereof which granted the branches of the motion of the third-party defendant ABC Construction Corp. and the cross motion of the defendants Powers Chang, Solomon Liou, Helena Hoo, John Cheng, Sophia Hsieh, and Jong Chen d/b/a Main Street Associates which were for summary judgment dismissing the plaintiff's causes of action pursuant to Labor Law § 240 (1), (3) and § 241 (4), and substituting therefor a provision denying those branches of the motion and cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff was injured when he was employed at a construction site in Queens. He was carrying a heavy beam across a temporary floor made up of plywood pathways laid over overlapping corrugated metal decking sheets, on top of which a permanent concrete floor was to be poured. While the exact cause of the accident remains unclear, the plaintiff evidently stepped directly onto the corrugated metal decking, causing it to partially collapse. Only the plaintiff's left leg fell through the resulting opening between the abutting decking sheets. Because his entire body did not pass through the opening, the plaintiff did not fall all the way to the basement floor below. Nevertheless, the plaintiff allegedly sustained personal injuries.

The Supreme Court held that because the plaintiff did not fall completely through to the floor below, this case did not involve an elevation-related risk covered by Labor Law § 240 (1) and (3). We disagree. While cases under Labor Law § 240 more typically involve falls from heights which result in contact with the ground (*see, Gordon v Eastern Ry. Supply,* 82 NY2d 555; *Gange v Tilles Inv. Co.,* 220 AD2d 556), a collapsed floor has been held to constitute prima facie evidence of a violation of Labor Law § 240 (1) (*see, Richardson v Matarese,* 206 AD2d 353; *Clute v Ellis Hosp.,* 184 AD2d 942). The collapse of a floor which causes a worker to fall even partially through presents an elevation-related risk notwithstanding the purely fortuitous circumstance that the plaintiff in this case was spared greater injuries from a higher fall or contact with the ground below (*see, Carnicelli v Miller Brewing Co.,* 191 AD2d 980; *Brown v Niagra Mohawk Power Corp.,* 188 AD2d 1014). Regardless of the height from which the plaintiff fell, the fall itself was allegedly caused by the inadequacy of the flooring which allegedly failed to provide the plaintiff the proper support and protection to which he was entitled (*see, Limauro v City of N. Y. Dept. of Envtl. Protection,* 202 AD2d 170).

We further find that the Supreme Court erred in dismissing those claims which were predicated upon a violation of Labor Law § 241 (4). It is unclear from the record whether the temporary corrugated decking and the wooden walkways which were allegedly provided complied with the statutory requirement that the beams of the floor be "thoroughly planked over" (*see, Hernandez v New York City,* 162 AD2d 591).

However, inasmuch as issues of fact exist as to the adequacy of the decking or whether the plaintiff may have unreasonably jumped from a windowsill to the corrugated decking, the court correctly found that the plaintiff was not entitled to partial summary judgment on the issues of liability pursuant to the above-cited Labor Law provisions (*see, Gange v Tilles Inv. Co.,* 220 AD2d 556, *supra; Anderson v Schul/Mar Constr. Corp.,* 212 AD2d 493; *Richardson v Matarese,* 206 AD2d 363, *supra*). Rosenblatt, J. P., Miller, Pizzuto and Goldstein, JJ., concur.