Weston Patterson, J.
(concurring in part and dissenting in part and voting to dismiss plaintiffs complaint and the third-party complaint). While I agree with the majority’s dismissal of plaintiffs Labor Law § 241 (6) and § 200 claims, I would also dismiss plaintiffs Labor Law § 240 (1) claim on the ground that plaintiffs injury did not arise out of an elevation-related risk.
The protections afforded under Labor Law § 240 (1) are “extraordinary” and limited to a “narrow class” of hazards re *56 lated to the effects of gravity for which certain enumerated safety devices are required (Nieves v Five Boro A.C. & Refrig. Corp., 93 NY2d 914, 915 [1999]; Rocovich v Consolidated Edison Co., 78 NY2d 509, 514 [1991]). These hazards, however, “do not encompass any and all perils that may be connected in some tangential way with the effects of gravity” (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501 [1993]). Rather, there must be a “significant risk inherent in the particular task because of the relative elevation at which the task must be performed or at which materials or loads must be positioned or secured” (Rocovich v Consolidated Edison Co., 78 NY2d at 514).
In my view, no such risk existed here. Plaintiff was installing insulation around pipes that ran between floors of a sewage treatment plant. The pipes were surrounded by grating, which could be removed to gain access to the pipes. Plaintiff was injured when he slipped on an oily floor and fell through an opening in the grating. The hole, which was approximately 24 inches wide and existed in permanent flooring, did not present the type of extraordinary elevation-related hazard against which the statute was intended to protect, but rather was “ ‘the type of “ordinary and usual” peril a worker is commonly exposed to at a [work] site’ ” (Alvia v Teman Elec. Contr., 287 AD2d 421, 422 [2d Dept 2001], quoting Misseritti v Mark IV Constr. Co., 86 NY2d 487, 489 [1995]).
Although the majority relies on Robertti v Powers Chang (227 AD2d 542 [2d Dept 1996]) in support of its argument to the contrary, I would note that Robertti was later distinguished by the Second Department in a case bearing a more striking resemblance to the instant case. In Alvia v Teman Elec. Contr. (287 AD2d 421 [2001], supra), plaintiff was employed by a subcontractor responsible for pouring cement floors of a building under construction. In building the floors, the contractor created holes for heating, ventilation and air conditioning (id. at 421). Plaintiff was on the eighth floor when he tripped on a piece of plywood and his left leg fell into a 12 inch by 16 inch hole (id. at 422). The Appellate Division upheld the dismissal of plaintiffs Labor Law § 240 (1) claim, noting that the hole did not create an elevation-related hazard for which protective devices were required (id.). In distinguishing Robertti, the Court noted that “There, the collapse of the temporary flooring posed the risk of a fall to the floor below while in the case at bar such a risk was not presented due to the dimensions of the hole and the permanence of the floor” (id.).
*57 Similarly, here, nothing in the record demonstrates that the floor beneath plaintiff had collapsed or that the opening was of such a dimension as to require one of the statutorily mandated safety devices (see id.; see also Rocovich v Consolidated Edison Co., 78 NY2d at 513). Indeed, the permanence of the floor surrounding the opening, coupled with the size of the opening, did not create the type of risk contemplated by Labor Law § 240 (1) (Rocovich, 78 NY2d at 513).
Finally, although not raised below, I would add that the plaintiffs job of installing insulation around piping did not fall within one of the enumerated tasks outlined in Labor Law § 240 (1). The statute’s protections extend to those engaged “in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure” (Labor Law § 240 [1] [emphasis added]). Not every change to a structure qualifies as an alteration within the meaning of the statute (see Joblon v Solow, 91 NY2d 457, 464 [1998]). Only a “significant physical change to the configuration or composition of the building or structure” will qualify as an alteration under the statute (id. at 465). Here, plaintiffs application of insulation — while not routine — cannot be considered to have significantly changed the configuration or composition of any structure.
Accordingly, I would vote to dismiss the plaintiffs complaint and the third-party complaint.
Pesce, EJ., and Belen, J., concur; Weston Patterson, J., concurs in part and dissents in part in a separate memorandum.