■ ARTUR PRENETA et al., Appellants, v NORTH CASTLE, INC., Defendant and Third-Party Plaintiff-Respondent. S&G PAINTING, LLC, Third-Party Defendant-Respondent. [885 NYS2d 322]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Westchester County (Liebowitz, J.), entered April 18, 2008, as, upon, inter alia, the denial of their motion pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability on so much of the second cause of action as sought to recover damages for violation of Labor Law § 240 (1), made at the close of evidence, and, upon a jury verdict, is in favor of the defendant and against them dismissing so much of that cause of action as sought to recover damages for violation of Labor Law § 240 (1).

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, the plaintiffs' motion pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability on so much of the second cause of action as sought to recover damages for violation of Labor Law § 240 (1) is granted, and the matter is remitted to the Supreme Court, Westchester County, for a trial on the issue of damages with respect thereto and the entry thereafter of an appropriate amended judgment.

The injured plaintiff was painting the trim on an area be-

tween an overhang and the roof of a house while standing on a closed A-frame ladder, which was resting on the overhang and leaning against the side of the house. The ladder slid out from under the injured plaintiff, causing him to fall and sustain injuries.

A motion for judgment as a matter of law pursuant to CPLR 4401 must be granted when, upon the evidence presented, there is "no rational process by which the fact trier could base a finding in favor of the nonmoving party" (*Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *see DeVito v City of New York*, 62 AD3d 934 [2009]).

Under the circumstances presented here, the trial court erred in denying the plaintiffs' motion for judgment as a matter of law on the issue of liability on so much of the second cause of action as was to recover damages for violation of Labor Law § 240 (1). The only reasonable view of the evidence is that the defendant failed to provide the injured plaintiff with proper protection, and that this failure proximately caused the accident. Therefore, the defendant is liable under Labor Law § 240 (1) (*see Rico-Castro v Do & Co N.Y. Catering, Inc.*, 60 AD3d 749, 750 [2009]; *Chlebowski v Esber*, 58 AD3d 662, 663 [2009]).

In light of our determination, we need not reach the plaintiffs' remaining contention. Mastro, J.P., Santucci, Eng and Lott, JJ., concur.