■ ZONG MOU ZOU, Appellant, v HAI MING CONSTRUCTION CORP. et al., Respondents. (And a Third-Party Action.) [902 NYS2d 610]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Solomon, J.), dated October 29, 2008, which denied his motion for summary judgment on the issue of liability on so much of the complaint as alleged a violation of Labor Law § 240 (1).

Ordered that the order is reversed, on the law, with costs, and

the plaintiff's motion for summary judgment on the issue of liability on so much of the complaint as alleged a violation of Labor Law § 240 (1) is granted.

The plaintiff, who is both the owner and an employee of the subcontractor Jian Li Construction, Inc., allegedly was injured at a construction site when sheet metal decking collapsed underneath him, causing him to fall 10 to 13 feet to the basement. The plaintiff commenced this action against the general contractor, Hai Ming Construction Corp., and the owners of the site, 62 Maspeth Avenue, LLC, and Danbro, LLC (hereinafter collectively the defendants), alleging common-law negligence and violations of Labor Law §§ 200, 240 (1) and § 241 (6). Thereafter, the plaintiff moved for summary judgment on the issue of liability on so much of the complaint as alleged a violation of Labor Law § 240 (1), and the Supreme Court denied his motion.

The plaintiff met his prima facie burden of establishing a violation of Labor Law § 240 (1), and that such violation was a proximate cause of his accident (see *Robertti v Powers Chang*, 227 AD2d 542, 543 [1996]; *Richardson v Matarese*, 206 AD2d 353 [1994]; *Clute v Ellis Hosp.*, 184 AD2d 942, 944 [1992]).

In opposition, the defendants failed to raise a triable issue of fact as to whether the plaintiff's actions were the sole proximate cause of his accident. Where, as here, a violation of Labor Law § 240 (1) is a proximate cause of an accident, the plaintiff's conduct cannot be deemed solely to blame for it (see *Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 290 [2003]; *Valensisi v Greens at Half Hollow, LLC*, 33 AD3d 693, 696 [2006]).

The defendants also failed to raise a triable issue of fact as to whether the plaintiff was a recalcitrant worker. The defendants failed to present any evidence that the plaintiff was provided with certain safety devices, that such devices were readily available for his use, and that the plaintiff was specifically instructed to use such devices but chose for no good reason to disregard those instructions (cf. *Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 39-40 [2004]; *Yax v Development Team, Inc.*, 67 AD3d 1003, 1004 [2009]). Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability on so much of the complaint as alleged a violation of Labor Law § 240 (1). Prudenti, P.J., Angiolillo, Balkin and Chambers, JJ., concur.