■ Joseph C. Silvia, III, et al., Respondents, v Bow Tie Partners, LLC, et al., Defendants, and Scotia Holdings et al., Defendants and Third-Party Plaintiffs-Appellants. D & B Acoustical, Third-Party Defendant-Appellant. [909 NYS2d 202]—

Stein, J. Appeal from an order of the Supreme Court (Kramer, J.), entered November 2, 2009 in Schenectady County, which granted plaintiffs' motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1).

While working at a construction site owned by defendant Scotia Holdings, at which defendant BBL Construction Services, LLC was the general contractor, plaintiff Joseph C. Silvia, III (hereinafter plaintiff) was injured when a plank on which he was standing as part of a makeshift scaffold[1] broke beneath him, causing him to fall several feet. Plaintiff and his wife, derivatively, commenced this action asserting, among other things, a cause of action pursuant to Labor Law § 240. Scotia Holdings and BBL then commenced a third-party action against D & B Acoustical, plaintiff's employer and a subcontractor to BBL on the project.[2] After discovery was conducted, plaintiffs moved for partial summary judgment on the issue of liability pursuant to that statute. Supreme Court granted plaintiffs' motion, prompting this appeal by Scotia Holdings and BBL (hereinafter collectively referred to as defendants) and D & B. We reverse.

Labor Law § 240 (1) requires that contractors and owners provide adequate safety devices to protect employees against elevation-related hazards (see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 499-500 [1993]). The failure to do so results in liability for any injuries proximately caused thereby (see Zimmer v Chemung County Performing Arts, 65 NY2d 513, 521 [1985]; see also Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 286-290 [2003]). Where an employee has been provided with an elevation-related safety device, it is usually a question of fact as to whether the device provided proper protection (see Beesimer v Albany Ave./Rte. 9 Realty, 216 AD2d 853, 854 [1995]), "except in those instances where the unrefuted evidence establishes that the device collapsed, slipped or otherwise failed to perform its function of supporting the worker" (Briggs v Halterman, 267 AD2d 753, 754-755 [1999]; see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d at 285-286). We also note that "[l]iability under section 240 (1) does not attach when the safety devices that plaintiff alleges were absent were readily available at the work site, albeit not in the immediate vicinity of the accident, and plaintiff knew he was expected to use them but for no good reason chose not to do so, causing an accident" (Gallagher v New York Post, 14 NY3d 83, 88 [2010]).

---

1. The scaffold consisted of a wooden plank placed between two ladders.

2. Despite the fact that the amended complaint also names Bow Tie Partners, LLC and Bow Tie Cinemas, LLC as defendants, they are apparently no longer involved in the action.

Here, in support of their motion, plaintiffs submitted, among other things, the deposition testimony of plaintiff and the affidavit of a professional engineer. Plaintiff testified that, in connection with his work as a taper for D & B at the construction site in question, his supervisor provided him with two ladders and a wooden plank and instructed him on how to build a scaffold, to be used in the stairwell area in which he had been assigned to work. The area of the wall upon which he was working was 10 feet above the floor and the plank was four to six feet above the floor. D & B's safety plan called for either a harness or other tie-offs to be used when work was to be done at a height of more than four feet.

On the day of the accident, plaintiff had assembled the ladders and plank and had worked on this makeshift scaffold until taking a break. Before taking his break, plaintiff deconstructed the scaffold and, when the break was over, he reconstructed it, using the two ladders and wooden plank that were in the location where he had left the materials. No other safety devices, such as a harness or tie-downs were used. When he walked out on the plank, he heard a pop and the plank broke beneath him, causing him to fall to the stairs over which he was working. Plaintiff testified that, after his fall, he learned that a coworker had removed the plank that he had used in the morning and placed a broken plank near plaintiff's work area, which plaintiff had used unknowingly when he reconstructed the scaffold after his break. Plaintiffs' expert opined that D & B failed to provide "any safety devices" to plaintiff and that what was provided was not a proper safety device. Specifically, plaintiffs argue that the makeshift scaffolding did not constitute a safety device enumerated in Labor Law § 240 (1), that the materials provided to construct the makeshift scaffolding were inadequate and that no other safety devices—such as harnesses and tie-offs—were provided.

Even assuming, arguendo, that the scaffolding utilized by plaintiff constituted a safety device, inasmuch as the device collapsed "while being used in the performance of elevated work, we conclude that plaintiff[s] [have] established a prima facie showing of a statutory violation which was a proximate cause of plaintiff's injuries, [shifting the burden] to defendant[s] [and D & B] to submit evidentiary facts which would raise a factual issue on liability" (*Drew v Correct Mfg. Corp., Hughes-Keenan Div.*, 149 AD2d 893, 894 [1989]; *see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d at 289 n 8; *Morin v Machnick Bldrs.*, 4 AD3d 668, 670-671 [2004]).

In opposition, defendants and D & B supplied the deposition

testimony of Randy Cosselman, a carpenter employed by D & B, that he had observed plaintiff with the plank that ultimately broke and told plaintiff not to use it because it was cracked. He further testified that plaintiff replied that he did not care. There was also deposition testimony that there were Occupational Safety and Health Act compliant planks next to a dumpster just outside a doorway adjacent to the area where plaintiff was working. In addition, the affidavit of a professional engineer was submitted. The engineer noted that scaffolds are safety devices for the purposes of Labor Law § 240 (1). He further opined that the scaffold planking used here was compliant with applicable regulations and that plaintiff's injuries were caused by his failure to use a sound plank that was available. Thus, contrary to plaintiffs' contention, we find that defendants' and D & B's argument that the makeshift scaffolding was an appropriate safety device was preserved for our review. In addition, testimony was provided that workers were advised in daily briefings of the availability of harnesses and other safety equipment in the gang boxes on site. On this record, and viewing this evidence in the light most favorable to defendants and D & B as the nonmoving parties (*see Rought v Price Chopper Operating Co., Inc.*, 73 AD3d 1414, 1414 [2010]), we conclude that they have raised questions of fact with regard to whether there was a statutory violation and whether plaintiff's conduct was the sole proximate cause of his injuries (*see Cantineri v Carrere*, 60 AD3d 1331, 1333 [2009]; *see generally Morin v Machnick Bldrs.*, 4 AD3d at 671; *compare Gallagher v New York Post*, 14 NY3d at 89; *Robinson v East Med. Ctr., LP*, 6 NY3d 550, 554-555 [2006]). Accordingly, partial summary judgment should not have been granted to plaintiffs as to liability.

Plaintiffs' remaining contentions have been considered and are found to be without merit.

Spain, J.P., Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the order is reversed, on the law, with one bill of costs, and motion denied.