■ CAREY CHASE et al., Respondents, v ARNELL CONSTRUCTION CORP. et al., Appellants. [949 NYS2d 464]—

In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated December 6, 2011, as granted the plaintiffs' motion for summary judgment on the issue of liability on the first cause of action, which alleged a violation of Labor Law § 240 (1), and denied that branch of their cross motion which was for summary judgment dismissing that cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The injured plaintiff, an ironworker employed by North American Iron Works, was injured while constructing a multi-story

addition to Public School 95X located in the Bronx. The accident occurred when the floor, which consisted of sheet metal decking, collapsed underneath the injured plaintiff as he was walking on it. The injured plaintiff, and his wife suing derivatively, commenced this action to recover damages for personal injuries, etc., against the defendants. The plaintiffs moved for summary judgment on the issue of liability on the first cause of action, which alleged a violation of Labor Law § 240 (1), and the defendants cross-moved, inter alia, for summary judgment dismissing that cause of action. The Supreme Court, inter alia, granted the plaintiffs' motion and denied that branch of the defendants' cross motion which was for summary judgment dismissing that cause of action.

The plaintiffs met their prima facie burden of establishing that the defendants' violation of Labor Law § 240 (1) was a proximate cause of the injured plaintiff's accident (*see Silvia v Bow Tie Partners, LLC*, 77 AD3d 1143 [2010]; *Zong Mou Zou v Hai Ming Constr. Corp.*, 74 AD3d 800 [2010]; *Robertti v Powers Chang*, 227 AD2d 542 [1996]). In opposition, the defendants failed to raise a triable issue of fact as to whether the injured plaintiff's actions were the sole proximate cause of his accident (*see Zong Mou Zou v Hai Ming Constr. Corp.*, 74 AD3d 800 [2010]; *Beamon v Agar Truck Sales, Inc.*, 24 AD3d 481 [2005]; *Birbilis v Rapp*, 205 AD2d 569 [1994]). Accordingly, the Supreme Court properly granted the plaintiffs' motion for summary judgment on the issue of liability on the first cause of action, which alleged a violation of Labor Law § 240 (1), and denied that branch of the defendants' cross motion which was for summary judgment dismissing that cause of action. Mastro, A.P.J., Skelos, Florio and Hall, JJ., concur.