The plaintiffs are ironworkers who allegedly were injured while working on the 42nd floor during the construction of a building located on Fifth Avenue in Manhattan. The accident occurred when the floor, which then consisted of plywood decking, collapsed underneath them as they were standing on it. The plaintiffs moved, inter alia, for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1), and the defendants cross-moved, inter alia, for summary judgment dismissing that cause of action. The Supreme Court granted that branch of the plaintiffs’ motion and denied that branch of the defendants’ cross motion. The defendants appeal, and we affirm.
The plaintiffs met their prima facie burden of establishing that the defendants’ violation of Labor Law § 240 (1) was a proximate cause of their accident (see Silvia v Bow Tie Partners, LLC, 77 AD3d 1143 [2010]; Zong Mou Zou v Hai Ming Constr. Corp., 74 AD3d 800 [2010]; Robertti v Powers Chang, 227 AD2d 542 [1996]). In opposition, the defendants failed to raise a triable issue of fact as to whether the plaintiffs’ actions were the sole proximate cause of their accident (see Zong Mou Zou v Hai Ming Constr. Corp., 74 AD3d at 800; Beamon v Agar Truck Sales, Inc., 24 ADSd 481 [2005]; Birbilis v Rapp, 205 AD2d 569 [1994]).
Accordingly, the Supreme Court properly granted that branch of the plaintiffs’ motion which was for summary judgment on the issue of liability on their cause of action alleging a violation of Labor Law § 240 (1), and denied that branch of the defendants’ cross motion which was for summary judgment dismissing that cause of action. Mastro, J.P., Angiolillo, Sgroi and Miller, JJ., concur.