■ Guillermo Croussett, Appellant, v Minalie Chen et al., Respondents. [958 NYS2d 105]—

Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered September 20, 2011, which, to the extent appealed from as limited by the briefs, granted the motion of defendant Vella Interiors, Inc., and the cross motion of defendants 115 Central Park West Corporation and Akam Associates, Inc., for summary judgment dismissing the Labor Law § 241 (6) claims as against them, unanimously affirmed, without costs.

Plaintiff, a painter employed by a subcontractor on a home renovation project, was injured when he fell off of the ladder on which he was working. With one exception (*see* Industrial Code [12 NYCRR] § 23-1.21 [e] [2]), plaintiff relied upon sufficiently specific Industrial Code regulations to form the predicate for his Labor Law § 241 (6) claims (*Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 878 [1993]). However, the specific provisions upon which he relied, which relate to ladder maintenance and slippery conditions, are inapplicable to the facts of this case (*see* 12 NYCRR 23-1.7 [d]; 23-1.21 [b] [3] [ii], [iv]; [4] [ii]; [e] [3]). Indeed, plaintiff testified that he properly opened and set up the eight- to nine-foot ladder, that the aluminum side supports were in working order, and that the ladder had four rubber footings. There is no evidence of a slippery floor or that the masonite, which covered the ceramic floor, was a foreign substance that caused a slippery footing.

Plaintiff failed to preserve his claim that defendants violated Industrial Code (12 NYCRR) §§ 23-1.21 (b) (1) and 23-1.7 (e) (2) (*see McMahon v Durst*, 224 AD2d 324, 324 [1st Dept 1996]), and

we decline to review it. Were we to review the claim, we would reject it, as both sections are inapplicable. Plaintiff testified that he cleared away the electrical coils, boxes and other materials from the work area before beginning his work (*see* 12 NYCRR 23-1.7 [e] [2]), and there is no evidence that the ladder was incapable of supporting four times the maximum load intended to be supported thereon (*see* 12 NYCRR 23-1.21 [b] [1]). Concur—Tom, J.P., Andrias, Freedman, Román and Gische, JJ.