In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Gazzillo, J.), entered April 16, 2012, as, upon reargument, vacated the determinations in a prior order of the same court dated September 29, 2011, denying those branches of the motion of the defendants Target Corporation, Target Stores, Inc., Westbury Holding Company, Bailiwick Data Systems, Inc., Bailiwick Enterprises, and Bailiwick, LLC, and the third-party defendant’s separate motion which were for summary judgment dismissing the Labor Law § 240 (1) cause of action insofar as asserted against those defendants, and thereupon granted those branches of the motions.
Ordered that the order entered April 16, 2012, is reversed insofar as appealed from, on the law, with costs, and, upon reargument, the determinations in the prior order dated September 29, 2011, denying those branches of the motion of the defendants Target Corporation, Target Stores, Inc., Westbury Holding Company, Bailiwick Data Systems, Inc., Bailiwick Enterprises, and Bailiwick, LLC, and the third-party defendant’s separate motion which were for summary judgment dismissing the Labor Law § 240 (1) cause of action insofar as asserted against those defendants are adhered to.
On July 10, 2005, the injured plaintiff, Peter Cioffi, an employee of the third-party defendant, Communication Technology Services (hereinafter CTS), was performing work at a Target store in Nassau County as part of a larger renovation project. The injured plaintiff was using a scissor lift to install a new paging system inside a stockroom. After completing his work, the injured plaintiff removed the scissor lift from the stockroom. However, he realized that he left his tool pouch hanging from a pipe in the stockroom and went to retrieve it, using a ladder inside the stockroom that did not belong to CTS. The injured *898 plaintiff testified at his deposition that he decided to use that ladder rather than the lift because he had already damaged the stockroom door with the lift. In addition, it took him 40 minutes to move the lift in and out of the stock room, and he was under pressure from his boss to complete his assigned work for the day. The injured plaintiff also chose not to retrieve a CTS ladder from a storage container outside the store because the work was going on overnight, and it would have taken half an hour to have a manager or security guard assist him in getting that ladder. While using the ladder inside the stockroom, it “kicked out” or “buckled” under the injured plaintiff, causing him to fall to the floor. The injured plaintiff, and his wife suing derivatively, commenced this action against, among others, Target Corporation, Target Stores, Inc., Westbury Holding Company, Bailiwick Data Systems, Inc., Bailiwick Enterprises, LLC, and Bailiwick, LLC (hereinafter collectively the Target defendants), alleging, inter alia, a violation of Labor Law § 240 (1). Westbury Holding Company owned the premises, and Bailiwick Data Systems, Inc., Bailiwick Enterprises, LLC, and Bailiwick, LLC, collectively were the subcontractors that hired CTS. The Target defendants commenced a third-party action against CTS.
CTS moved for summary judgment dismissing the complaint and the third-party complaint, and the Target defendants separately moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court, inter alia, denied those branches of the motions which were for summary judgment dismissing the Labor Law § 240 (1) cause of action insofar as asserted against the Target defendants, but otherwise granted the motions. CTS and the Target defendants then separately moved for leave to reargue those branches of their motions which were for summary judgment dismissing the Labor Law § 240 (1) cause of action insofar as asserted against the Target defendants. The Supreme Court granted the motions and, upon reargument, granted those branches of the motions which were for summary judgment dismissing the Labor Law § 240 (1) cause of action insofar as asserted against the Target defendants.
The Supreme Court erred in, upon reargument, granting those branches of the motions which were for summary judgment dismissing the Labor Law § 240 (1) cause action insofar as asserted against the Target defendants. Although a plaintiffs negligent conduct in failing to use an available and adequate safety device which is the sole proximate cause of the accident will relieve a defendant of liability (see Robinson v East Med. *899 Ctr., LP, 6 NY3d 550, 555 [2006]; Santo v Scro, 43 AD3d 897, 898 [2007]), it cannot be said, as a matter of law, that the injured plaintiff was negligent in choosing to use the ladder inside the stockroom, since it was left to his discretion whether to use a ladder or lift depending on the height of the work, and the ladder was high enough for him to retrieve his tool pouch (cf. Robinson v East Med. Ctr., LP, 6 NY3d at 555; Montgomery v Federal Express Corp., 4 NY3d 805 [2005]).
In addition, CTS and the Target defendants did not establish, prima facie, that the plaintiff was a recalcitrant worker (see Gallagher v New York Post, 14 NY3d 83, 88-89 [2010]; Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 39 [2004]), as they failed to eliminate all issues of fact, inter alia, as to whether the injured plaintiff knew that he was expected to use the lift or a CTS ladder, and not the ladder inside the stockroom, and whether the injured plaintiff had a good reason for using the ladder from which he fell (see Gallagher v New York Post, 14 NY3d at 89; Murray v Arts Ctr. & Theater of Schenectady, Inc., 77 AD3d 1155, 1156 [2010]).
Although the Target defendants’ contention that the injured plaintiff was not engaged in an activity protected under Labor Law § 240 (1) is raised for the first time on appeal, we reach this issue, as it raises a purely legal question that appears on the face of the record which, had it been presented to the Supreme Court, could not have been avoided (see Romain v Grant, 60 AD3d 838, 839 [2009]). However, the contention is without merit (see Randall v Time Warner Cable, Inc., 81 AD3d 1149, 1150-1151 [2011]; Becker v ADN Design Corp., 51 AD3d 834, 837 [2008]).
We decline the plaintiffs’ invitation to search the record and award them summary judgment on their Labor Law § 240 (1) cause of action, as there are triable issues of fact, inter alia, as to whether the injured plaintiff’s own conduct was the sole proximate cause of his injuries. Mastro, J.E, Chambers, Lott and Miller, JJ., concur.