■ HENRY PRZYBOROWSKI, Appellant, v A&M COOK, LLC, Defendant/Third-Party Plaintiff-Respondent. PSG CONSTRUCTION COMPANY, Inc., Third-Party Defendant-Respondent. [992 NYS2d 56]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Gavrin, J.), dated July 31, 2012, which, inter alia, denied his motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1), granted those branches of the cross motion of the defendant/third-party plaintiff and the separate cross motion of the third-party defendant which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200, 240 (1) and 241 (6), and granted those branches of the third-party defendant's cross motion which were for summary judgment dismissing the common-law indemnification and contribution causes of action that were alleged in the third-party complaint.

Ordered that the appeal from so much of the order as granted those branches of the third-party defendant's cross motion which were for summary judgment dismissing the common-law indemnification and contribution causes of action that were alleged in the third-party complaint is dismissed, as the plaintiff is not aggrieved by that portion of the order (*see* CPLR 5511); and it is further,

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying the plaintiff's motion for sum-

mary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1), and substituting therefor a provision granting the plaintiff's motion, and (2) by deleting the provisions thereof granting those branches of the cross motion of the defendant/third-party plaintiff and the separate cross motion of the third-party defendant which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6), and substituting therefor provisions denying those branches of the respective cross motions; as so modified, the order is affirmed insofar as reviewed, with one bill of costs to the plaintiff.

The plaintiff allegedly sustained injuries when he fell while descending an unsecured A-frame ladder at his work site. It is undisputed that the ladder, which provided access for the plaintiff and other workers to move between an upper level and a lower level of the work site, was unsecured and leaning against the wall in a closed position. The upper level of the work site was approximately six feet above the lower level. In addition to the subject ladder, access between the two levels was available by means of a concrete staircase located approximately three to four meters away from the ladder. Notably, the record does not establish that the plaintiff was instructed to use one method of access rather than the other.

The plaintiff commenced this action against the owner of the work site, the defendant A&M Cook, LLC (hereinafter Cook), alleging violations of Labor Law §§ 200, 240 (1) and 241 (6). Cook commenced a third-party action against the third-party defendant, PSG Construction Company, Inc. (hereinafter PSG), the plaintiff's employer. After depositions had been conducted, the plaintiff moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1). Cook cross-moved for summary judgment dismissing the complaint. PSG separately cross-moved, inter alia, for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6).

Cook established, prima facie, that the plaintiff's injuries arose as a result of the methods and means of his work (see Cody v State of New York, 82 AD3d 925 [2011]; McFadden v Lee, 62 AD3d 966 [2009]), that it had no authority to supervise or control the plaintiff's work, and that it did not provide the subject ladder. Therefore, Labor Law § 200 imposed no liability upon Cook (see Klimowicz v Powell Cove Assoc., LLC, 111 AD3d 605, 605 [2013]; Cambizaca v New York City Tr. Auth., 57 AD3d 701, 702 [2008]; Ortega v Puccia, 57 AD3d 54, 60-63 [2008]). In opposition, the plaintiff failed to raise a triable issue of fact. Ac-

cordingly, the Supreme Court properly granted that branch of Cook's cross motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 200.

However, contrary to the Supreme Court's determination, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1), and neither Cook nor PSG raised a triable issue of fact in opposition to the plaintiff's motion.

To recover on a cause of action pursuant to Labor Law § 240 (1), a plaintiff must demonstrate that there was a violation of the statute, and that the violation was a proximate cause of the accident (*see Robinson v East Med. Ctr., LP*, 6 NY3d 550, 553-555 [2006]; *Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 287 [2003]). Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability by demonstrating that he was injured when the unsecured, closed A-frame ladder fell backwards as he descended it (*see Nacewicz v Roman Catholic Church of the Holy Cross*, 105 AD3d 402, 403 [2013]; *Ordonez v C.G. Plumbing Supply Corp.*, 83 AD3d 1021, 1022 [2011]; *Preneta v North Castle, Inc.*, 65 AD3d 1027 [2009]; *Rudnik v Brogor Realty Corp.*, 45 AD3d 828, 829 [2007]).

Contrary to Cook's contention, it failed to raise a triable issue of fact as to whether the plaintiff's decision to use the ladder, rather than the staircase, was the sole proximate cause of his injuries. "Liability under section 240 (1) does not attach when the safety devices that plaintiff alleges were absent were readily available at the work site, albeit not in the immediate vicinity of the accident, *and* plaintiff knew he [or she] was expected to use them but for no good reason chose not to do so, causing an accident. In such cases, plaintiff's own negligence is the sole proximate cause of his [or her] injur[ies]" (*Gallagher v New York Post*, 14 NY3d 83, 88 [2010], citing *Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 39-40 [2004] [emphasis added]; *see Robinson v East Med. Ctr., LP*, 6 NY3d at 553-555; *Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d at 287). Here, there is no evidence that anyone instructed the plaintiff that he was "expected to" use the staircase rather than the ladder (*Gallagher v New York Post*, 14 NY3d at 89; *see Cioffi v Target Corp.*, 114 AD3d 897, 898-899 [2014]). Indeed, the record reveals that, on at least some occasions, other workers used the ladder rather than the staircase. Under these circumstances, the plaintiff's exercise of his discretion in connection with whether to use the ladder or the staircase cannot be said to be

the sole proximate cause of his injuries (*see Gallagher v New York Post*, 14 NY3d at 88-89; *Nacewicz v Roman Catholic Church of the Holy Cross*, 105 AD3d at 403; *Kin v State of New York*, 101 AD3d 1606, 1607-1608 [2012]; *Dwyer v Central Park Studios, Inc.*, 98 AD3d 882, 883-884 [2012]; *cf. Cioffi v Target Corp.*, 114 AD3d at 899). Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the cause of action alleging a violation of Labor Law § 240 (1), and denied that branch of Cook's cross motion and that branch of PSG's separate cross motion which were for summary judgment dismissing that cause of action.

Furthermore, the Supreme Court improperly granted that branch of Cook's cross motion and that branch of PSG's separate cross motion which were for summary judgment dismissing the cause of action alleging violations of Labor Law § 241 (6), which was predicated upon alleged violations of 12 NYCRR 23-1.21 (b) (1), (3) (i), (iv); (4) (ii) and (e) (2). Although a plaintiff asserting a Labor Law § 241 (6) cause of action must allege a violation of a specific and concrete provision of the Industrial Code (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 503 [1993]; *Kowalik v Lipschutz*, 81 AD3d 782, 783 [2011]), the failure to identify the code provision in the complaint or bill of particulars is not fatal to such a claim (*see Kowalik v Lipschutz*, 81 AD3d at 783; *Galarraga v City of New York*, 54 AD3d 308 [2008]; *Kelleir v Supreme Indus. Park*, 293 AD2d 513, 513-514 [2002]). Here, the plaintiff's belated allegations that Cook violated 12 NYCRR 23-1.21 (b) (1), (3) (i), (iv); (4) (ii) and (e) (2) involved no new factual allegations, raised no new theories of liability, and caused no prejudice to Cook or PSG (*see Klimowicz v Powell Cove Assoc., LLC*, 111 AD3d 605 [2013]; *D'Elia v City of New York*, 81 AD3d 682, 684 [2011]; *Kelleir v Supreme Indus. Park*, 293 AD2d at 513-514). Moreover, these code provisions set forth specific, rather than general, safety standards, and are sufficient to support a Labor Law § 241 (6) cause of action (*see Vega v Renaissance 632 Broadway, LLC*, 103 AD3d 883, 885 [2013]; *Melchor v Singh*, 90 AD3d 866, 870 [2011]; *Riccio v NHT Owners, LLC*, 51 AD3d 897, 899 [2008]; *Cun-En Lin v Holy Family Monuments*, 18 AD3d 800, 802 [2005]; *but cf. Croussett v Chen*, 102 AD3d 448 [2013]; *Spenard v Gregware Gen. Contr.*, 248 AD2d 868, 871 [1998]). Since Cook and PSG did not establish, prima facie, either that those Industrial Code provisions were inapplicable to the facts of this case, or that the alleged violation of those provisions was not a proximate cause of the plaintiff's injuries, the subject branches of their respective cross motions which were for summary judgment dismissing the Labor Law § 241 (6) cause of action should have been denied

(*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d at 501-505; *Klimowicz v Powell Cove Assoc., LLC*, 111 AD3d 605 [2013]; cf. *Melchor v Singh*, 90 AD3d 866 [2011]), regardless of the sufficiency of the plaintiff's opposition papers. Skelos, J.P., Chambers, Duffy and LaSalle, JJ., concur.