■ Roger E. Bascombe, Appellant, v West 44th Street Hotel, LLC, et al., Respondents. [2 NYS3d 569]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated March 12, 2013, as denied that branch of his motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1).

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly was injured while working on the 15th floor during the construction of a multi-story building located in Manhattan. The accident occurred when a piece of plywood,

which had been placed over an opening in the floor, collapsed beneath him when he stepped onto it. The plaintiff moved, inter alia, for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1). The Supreme Court denied that branch of the plaintiff's motion, finding that there was a triable issue of fact as to whether the plaintiff's own conduct was the proximate cause of his injuries.

" 'Labor Law § 240 (1) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide safety devices necessary to protect workers from risks inherent in elevated work sites' " (*Probst v 11 W. 42 Realty Invs., LLC,* 106 AD3d 711, 711 [2013], quoting *McCarthy v Turner Constr., Inc.,* 17 NY3d 369, 374 [2011]). To prevail on a cause of action pursuant to Labor Law § 240 (1), the plaintiff must establish a violation of the statute and that the violation was a proximate cause of his injuries (*see Blake v Neighborhood Hous. Servs. of N.Y. City,* 1 NY3d 280, 287-288 [2003]; *Przyborowski v A&M Cook, LLC,* 120 AD3d 651 [2014]). Although contributory negligence on the part of the worker is not a defense to a Labor Law § 240 (1) claim (*see Blake v Neighborhood Hous. Servs. of N.Y. City,* 1 NY3d at 286; *Forschner v Jucca Co.,* 63 AD3d 996 [2009]), where a plaintiff's actions are the sole proximate cause of his injuries, liability under Labor Law § 240 (1) does not attach (*see Robinson v East Med. Ctr., LP,* 6 NY3d 550, 554 [2006]; *Weininger v Hagedorn & Co.,* 91 NY2d 958, 960 [1998]; *Cioffi v Target Corp.,* 114 AD3d 897, 898 [2014]; *Corchado v 5030 Broadway Props., LLC,* 103 AD3d 768, 768-769 [2013]).

Here, although the plaintiff met his prima facie burden of establishing a violation of Labor Law § 240 (1) (*see Silvia v Bow Tie Partners, LLC,* 77 AD3d 1143, 1145 [2010]; *Zong Mou Zou v Hai Ming Constr. Corp.,* 74 AD3d 800, 801 [2010]; *Robertti v Powers Chang,* 227 AD2d 542, 543 [1996]), the defendants produced evidence that a safety harness and line were available to the plaintiff, that he was aware that he was required to anchor the line on the floor where he was working, and that the anchors, harness, and line would have prevented him from falling to the 14th floor, but that the plaintiff had consciously decided not to anchor his line on the 15th floor as instructed. The defendant's submissions were sufficient to raise a triable issue of fact as to whether the plaintiff's actions were the sole proximate cause of his accident (*see Yedynak v Citnalta Constr. Corp.,* 22 AD3d 840, 841 [2005]).

Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action. Rivera, J.P., Dickerson, Roman and Cohen, JJ., concur.