Soczek v 8629 Bay Parkway, LLC (2021 NY Slip Op 02554)





Soczek v 8629 Bay Parkway, LLC


2021 NY Slip Op 02554


Decided on April 28, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 28, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-00535
 (Index No. 503888/16)

[*1]Marek Soczek, et al., respondents, 
v
8629 Bay Parkway, LLC, appellant, et al., defendants.


Gallo Vitucci Klar LLP, New York, NY (Yolanda Ayala of counsel), for appellant.
Elefterakis Elefterakis & Panek (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Paul H. Seidenstock], of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, etc., the defendant 8629 Bay Parkway, LLC, appeals from an order of the Supreme Court, Kings County (Bernard Graham, J.), dated June 7, 2018. The order granted the plaintiffs' motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
The plaintiff Marek Soczek (hereinafter the injured plaintiff) allegedly was injured when he fell from an extension ladder while working on a building undergoing renovation. The injured plaintiff, and his wife suing derivatively, commenced this action against, among others, the defendant 8629 Bay Parkway, LLC (hereinafter the defendant), inter alia, asserting a cause of action alleging a violation of Labor Law § 240(1). Following discovery, the plaintiffs moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendant. The Supreme Court granted the plaintiffs' motion. The defendant appeals, and we affirm.
"Labor Law § 240(1) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide safety devices necessary to protect workers from risks inherent in elevated work sites" (McCarthy v Turner Constr., Inc., 17 NY3d 369, 374; see Orellana v 7 W. 34th St., LLC, 173 AD3d 886, 887). "To prevail on a cause of action alleging a violation of Labor Law § 240(1), a plaintiff must establish that the statute was violated and that the violation was a proximate cause of his or her injuries" (Lopez-Dones v 601 W. Assoc., LLC, 98 AD3d 476, 479; see Viera v WFJ Realty Corp., 140 AD3d 737, 738).
The Supreme Court properly granted the plaintiffs' motion for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action insofar as asserted against the defendant. The plaintiffs established, prima facie, the defendant's liability under Labor Law § 240(1) through their submissions, which demonstrated that the injured plaintiff was provided with a ladder that lacked rubber feet and that the ladder slid on the concrete surface on which it had been placed, causing the plaintiff to fall to the ground (see Fox v H & M Hennes & Mauritz, L.P., 83 AD3d [*2]889; Barr v 157 5 Ave., LLC, 60 AD3d 796, 797; Jicheng Liu v Sanford Tower Condominium, Inc., 35 AD3d 378, 379; Boe v Gammarati, 26 AD3d 351, 351-352). In opposition, the defendant failed to raise a triable issue of fact, including as to whether the injured plaintiff's conduct was the sole proximate cause of the accident (see Ortiz v Burke Ave. Realty, Inc., 126 AD3d 577; Triola v City of New York, 62 AD3d 984, 986; Orphanoudakis v Dormitory Auth. of State of N.Y., 40 AD3d 502).
RIVERA, J.P., CONNOLLY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court