Ochoa v JEM Real Estate Co., LLC (2024 NY Slip Op 00194)

Ochoa v JEM Real Estate Co., LLC

2024 NY Slip Op 00194

Decided on January 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2021-04020
 (Index No. 704281/16)

[*1]Carlos Ochoa, respondent, 
v
JEM Real Estate Co., LLC, et al., appellants.

Lester Schwab Katz & Dwyer, LLP, New York, NY (Daniel S. Kotler of counsel), for appellants.
Ginarte Gallardo Gonzalez & Winograd, LLP, New York, NY (Timothy Norton of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), entered May 6, 2021. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1), and denied those branches of the defendants' cross-motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6).
ORDERED that the order is affirmed insofar as appealed from, with costs.
On March 2, 2016, the plaintiff allegedly sustained personal injuries when he fell from an A-frame ladder at a building owned by the defendant JEM Real Estate Co., LLC, and leased by the defendant Bobwhite Counter, LLC. At the time of the accident, the plaintiff and his coworker were attempting to install an aluminum sign above a commercial storefront, after modifying an existing metal frame to fit the new sign. The plaintiff thereafter commenced this action against the defendants, alleging, inter alia, violations of Labor Law §§ 240(1) and 241(6). Following discovery, the plaintiff moved, among other things, for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). The defendants opposed and cross-moved, among other things, for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6). In an order entered May 6, 2021, the Supreme Court, inter alia, granted that branch of the plaintiff's motion and denied those branches of the defendants' cross-motion. The defendants appeal.
The Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1), and properly denied that branch of the defendants' cross-motion which was for summary judgment dismissing that cause of action. In order to recover under Labor Law § 240(1), "[the] plaintiff must establish that the statute was violated and that the violation was a proximate cause of his or her injuries" (Ennis v Noble Constr. Group, LLC, 207 AD3d 703, 704 [internal quotation marks omitted]; see Zimmer v Chemung County Performing Arts, 65 NY2d 513, 524). A plaintiff must also establish that the injuries occurred "during the erection, demolition, repairing, [*2]altering, painting, cleaning or pointing of a building or structure" (Goodwin v Dix Hills Jewish Ctr., 144 AD3d 744, 745-746 [internal quotation marks omitted]).
Labor Law § 240(1) "imposes upon owners, contractors and their agents a nondelegable duty that renders them liable regardless of whether they supervise or control the work" (Barreto v Metropolitan Transp. Auth., 25 NY3d 426, 433; see Ennis v Noble Constr. Group, LLC, 207 AD3d at 704). "Although contributory negligence on the part of the worker is not a defense to a Labor Law § 240(1) claim, where a plaintiff's actions are the sole proximate cause of his [or her] injuries, liability under Labor Law § 240(1) does not attach" (Bascombe v West 44th Str. Hotel, LLC, 124 AD3d 812, 813 [citations omitted]).
Here, the plaintiff established, prima facie, that the ladder was defective and inadequately secured in violation of Labor Law § 240(1), and that these failures were a proximate cause of his injuries (see Soczek v 8629 Bay Parkway, LLC, 193 AD3d 1093, 1093; Hossain v Kurzynowski, 92 AD3d 722, 725). Contrary to the defendants' contention, the plaintiff also established, prima facie, that he sustained his injuries while altering a structure (see Saint v Syracuse Supply Co., 25 NY3d 117, 122-127; Alberici v Gold Medal Gymnastics, 197 AD3d 540, 541). In opposition, the defendants failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562; Soczek v 8629 Bay Parkway, LLC, 193 AD3d at 1093).
The Supreme Court also properly denied that branch of the defendants' cross-motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6). "Labor Law § 241(6) imposes a nondelegable duty of reasonable care upon owners and contractors to provide reasonable and adequate protection and safety to persons employed in, or lawfully frequenting, all areas in which construction, excavation or demolition work is being performed" (Lopez v New York City Dept. of Envtl. Protection, 123 AD3d 982, 983; see Guoxing Song v CA Plaza, LLC, 208 AD3d 760, 761). To sustain a cause of action pursuant to Labor Law § 241(6), a plaintiff must demonstrate that his or her injuries were proximately caused by a violation of an Industrial Code regulation that is applicable to the circumstances of the accident (see Doran v JP Walsh Realty Group, LLC, 189 AD3d 1363, 1364). Here, the defendants' submissions failed to eliminate triable issues of fact as to whether they violated 12 NYCRR 23-1.16(b) and 23-1.21(b)(3)(iv) and (e)(3), whether such violations were a proximate cause of the accident (see McNamara v Gusmar Enters., LLC, 204 AD3d 779, 782), and whether the plaintiff's actions were the sole proximate cause of his injuries.
Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1), and properly denied those branches of the defendants' cross-motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6).
MILLER, J.P., FORD, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court